J. N. DORSEY and others v. NANCY B. MOORE, H. C. BENNETT and others.

*Life Estate— Waste.*

1. While a life-tenant of forest lands may cut sufficient timber for firewood, fences, repairs of buildings and erection of such as are reasonably needed on the land or plantation, it is waste to cut timber merely for sale.

2. One who purchases timber trees from a life-tenant, and severs them from the land, is liable to the reversioner for the value of the timber severed, or for the damage thereby done the inheritance.

3. The fact that a purchaser of timber trees from a life-tenant has paid the life-tenant for them, is no defence to an action brought against him by the reversioner, for the waste committed in severing the trees from the land.

CIVIL ACTION, tried before *Boykin, J.,* at Fall Term, 1887, of BURKE Superior Court.

It appears that Babel Moore died in the County of Burke in 1874, leaving a last will and testament, which was duly proven, by which he devised to his surviving widow, Nancy B. Moore, all his real estate—the land described in the complaint—for her life or widowhood, and then to the plaintiffs, except the husband plaintiff, in fee.

This action was brought by the plaintiffs, as the owners of the fee simple estate in the lands, subject to the life estate, to recover damages for alleged waste by the life-tenant and the other defendants, and for general relief, &c. The following is a copy of the case settled upon appeal:

"The plaintiffs allege in their complaint, that the defendant Nancy B. Moore was the owner of a life estate in the lands described in the complaint, and was in the possession thereof at the commencement of this action. They further allege, that said defendant has forfeited her said estate, by reason of waste committed by her in selling valuable timber thereon to defendant Bennett, and in permitting him to erect and operate a saw-mill thereon, and in allowing her agent, the defendant Gaither Conly, to cut and remove large numbers of cross-ties therefrom. It appears in the complaint, that the defendant H. C. Bennett and defendant Nancy B. Moore, the life-tenant as aforesaid, had entered into a contract, whereby the purchaser, said Bennett, was permitted by the life-tenant to cut and remove said timber, and to erect and operate said mill. They demand damages against the defendants, and ask that they be restrained from committing further waste.

The defendants Bennett and Conly allege in their answer, that they committed the acts complained of under a contract with the said life-tenant, as appears likewise in the complaint, and declare that they have satisfied her. At the beginning of the trial, the death of the life-tenant Nancy B. Moore, since the last continuance, was suggested, whereupon the plaintiffs entered a *nol pros.* as to her. The Court was of opinion that the plaintiffs were not entitled to recover upon

the pleadings and admissions, because the life-tenant was dead, and no personal representative appeared in her behalf in the cause, and that, therefore, as to her employee Conly, no damages could be recovered, it being admitted in the complaint that said life-tenant, by and through said Gaither Conly, was engaged in cutting and hauling away cross-ties, timber, &c. As to defendant H. C. Bennett, it being alleged in the complaint, that he had cut and removed said timber, and erected and operated said mill, by virtue of a contract with the life-tenant, it was held by the Court, that plaintiffs could not recover damages therefor in this action against him. The Court did not pass upon the right of plaintiffs with reference to the other defendants, further time being granted to make service, &c. The plaintiffs asked the Court to sign judgment, perpetually enjoining Bennett and the other defendants from committing waste on said land, and taxing the *defendant with the cost of the injunction.* The Court refused, inasmuch that it appears from the restraining order of his Honor, Judge MacRae, that the defendant Nancy B. Moore, Gaither Conly and Thomas Conly, and their agents, be restrained from committing waste, &c. The defendant Bennett was not restrained, and it was upon this order that the motion was made by the plaintiffs. Plaintiffs excepted ; there was judgment for the defendants Bennett and Conly."

The Court gave judgment, whereof the following is a copy :

" This action having been brought to trial by the Court, and it appearing that the plaintiffs allege a contract between the defendant Nancy B. Moore and Gaither Conly for the sale of timber, and that the said Nancy B. Moore was in possession of the freehold, and the said Bennett and Gaither Conly had paid said Nancy B. Moore in full under said contract, it was now, on motion, adjudged that the plaintiffs take nothing by their writ against said Bennett and Conly ; that said defendants be discharged and go hence without

day; that they recover their cost of suit, to be taxed by the Clerk."

From this judgment the plaintiffs appealed to this Court.

*Mr. C. M. Busbee,* for the plaintiffs.
No counsel for the defendants.

MERRIMON, J., (after stating the facts).   As to forest lands and timber trees thereon, generally, the life-tenant may, if need be, clear tillable land, to be cultivated for the necessary support of himself and his family, and this he may do although the ordinary forest timber be destroyed in the course of clearing the land.   He may also cut and use timber appropriate for necessary fuel, for repairing fences, for making such as are necessary—for repairing houses and building such as are reasonably needed on the land or plantation.   But it is waste to cut timber from the land merely for sale—to sell the timber trees and allow them to be cut down and manufactured into lumber for market—because this would impair the substance of the inheritance—it would take from the land that which is not incident to the life estate and the just enjoyment of it consistently with the estate and rights of the remaindermen or reversioners.   The law intends that the life-tenant shall enjoy his estate in such reasonable way, as that the land shall pass to the reversioner, as nearly as practicable, unimpaired as to its natural capacities and the impovements upon it.   *Ballentine* v. *Poyner,* 2 Hay., 268 (110); *Churchill* v. *Speight's Executors,* Ibid., 515 (338); *Ward* v. *Sheppard,* Ibid., 461 (283); *Shine* v. *Wilcox,* 1 D. & B. Eq., 631; *Davis* v. *Gilliam,* 5 Ired. Eq., 308; *Potter* v. *Mardre,* 74 N. C., 36.

Accepting the facts as alleged in the complaint, and admitted in the answer to be true, the life-tenant, in this case, clearly committed waste.   She sold from the land, for the purpose of gain, large numbers of "cross-ties," and much timber—

to one of the defendants, who erected a saw-mill on the land and sawed the timber into lumber for market. All this, the life-tenant had no right to do. Plainly, she committed waste. She, it appears, died pending the action, and thus passed out of it, and it has not been revived against her personal representative—indeed, the action as to her is abandoned.

The appellees admit that they cut down and took the timber from the land, substantially, as alleged in the complaint, but they seek to justify these "acts complained of under a contract with the life-tenant * * * and declare they have satisfied her." But they cannot thus excuse or justify their acts as to the plaintiffs. The life-tenant could not, by contract or otherwise, authorize them to cut down and remove the timber for any purpose; she had neither right nor authority to do so, and the fact that they "satisfied her," cannot alter the case. She could not authorize them to do what she could not lawfully do herself. They cut down the timber in their own wrong, and thus a cause of action arose in favor of the plaintiffs against them. Their acts were an injury to the inheritance—indeed, trees, as soon as they were cut down, became the personal property of the plaintiff, and they could have maintained an action to recover the same. They might have sued for and recovered the value of the timber severed from the land; or they may maintain their action for the injury to the inheritance, and this seems to be the scope and purpose of the present action, which, under the system of civil procedure that lately prevailed in this State, would be designated as *an action on the case, in the nature of waste.* *Williams* v. *Lanier*, Busb., 30; *Dozier* v. *Gregory*, 1 Jones, 100; *Bennett* v. *Thompson*, 6 Id., 210; *Burnett* v. *Thompson*, 7 Id., 486; *Potter* v. *Mardre*, *supra*; *Elliott* v. *Smith*, 2 New Hampshire Rep., 430; *Close* v. *Hazelton*, Id., 175; 6 Wait's Ac. & Def., 253.

The judgment, it seems, is founded upon the supposition, that the contract between the life-tenant in possession and

the appellees, purporting to give them the right to cut and remove the timber, had the legal effect to exempt them from liability to the plaintiffs on such account. This was a misapprehension of the law applicable. Upon the pleadings, the Court should have given judgment for the plaintiffs, directing an inquiry as to the damages.

There is error. The judgment must be reversed, and further proceedings had in the action according to law. To that end, let this opinion be certified to the Superior Court.

It is so ordered.

Error.                                                              Reversed.