WINBORNE v. ELIZABETH CITY LUMBER COMPANY.

(Filed March 4, 1902.)

1. TENANCY IN COMMON—*Ejectment*—*Trespass.*

   One tenant in common can recover the entire tract against a third party.

2. TENANCY IN COMMON—*Trespass*—*Damages.*

   In an action for trespass, one tenant in common is entitled to judgment only for his proportionate part of the damages.

ACTION by W. H. Winborne and others against the Elizabeth City Lumber Company, heard by Judge *Geo. H. Brown* and a jury, at September Term, 1901, of the Superior Court of CHOWAN County.

From the following judgment, the plaintiffs appealed:

"This cause coming on to be heard, all parties being before the Court, and the issues having been answered as appears in record, it is adjudged, ordered and decreed that plaintiffs W. H. Winborne and others recover of defendant, the Elizabeth City Lumber Company, the sum of forty dollars, with interest on same from this date until paid, and the costs of this action, to be taxed by the Clerk of this Court.

"It is further adjudged and decreed, that the contract attached to complaint from Geo. Eason and wife Juda Ann Eason to Gay Mfg. Co., registered in office of Register of Deeds of Chowan County, N. C., in Book .., page .., is void, and same is hereby cancelled and set aside.

"It is further adjudged, that plaintiffs own an undivided one-fifth interest in land described in said paper or contract, and further, that defendant has no interest in said land, nor claim upon said timber.        G. H. BROWN, JR., *Judge.*"

*W. M. Bond,* for the plaintiffs.
· *Shepherd & Shepherd,* for the defendant.

CLARK, J.    One tenant in common can recover the entire tract against a third party, for each tenant is entitled to possession of the whole, except against a co-tenant.    *Yancey v. Greenlee,* 90 N. C., 317; *Lafoon v. Shearin,* 95 N. C., at page 393; *Thames v. Jones,* 97 N. C., 121; *Gilchrist v. Middleton,* 107 N. C., at page 684 (which is full and explicit). When defendant is a co-tenant, then only the plaintiff's interest is defined by the judgment.  · *Foster v. Hackett,* 112 N. C., 546.    Here, the defendant being a stranger, the Court erred in directing the jury to respond to the first issue "Yes, one-fifth of the land," if they believed the evidence; whereas, the defendant had no right to have the amount of plaintiff's right to possession determined, for, as against defendant, the plaintiff was entitled to recover possession of the whole. The jury seems to have cured this error by simply answering the issue "Yes."

As to the damages for cutting the timber, the plaintiff was entitled to recover only one-fifth, since this judgment would not be a bar to an action by the other four tenants in common for their *pro rata* part of the damages.    Otherwise, as to the realty, which can not be destroyed, and the possession of which by the plaintiff enures to the benefit of his co-tenants, since his possession is their possession.    The judgment should be modified by giving plaintiff judgment to recover the entire tract, and, as thus modified, it is

Affirmed.