ELIZABETH BOWMAN v. W. C. WARD and A. M. BLACKWELL.

(Filed 17 March, 1910.)

**Vendor and Vendee—Void Judgment—Execution Sale—Restraining Order—Cloud on Title.**

Though it appears from the face of the proceedings that a judgment of attachment on lands is void for the lack of service of summons, the vendee of the judgment debtor may restrain to the final hearing a sale under the execution or levy; for the vendee should be afforded an opportunity to pay off the judgment if it should finally be held valid, and not forced to take chances of losing the land under a forced sale.

APPEAL from *Justice, J.,* at November Term, 1909, of HEN-DERSON.

Civil action heard upon motion for injunction until the final hearing. The judge dissolved the restraining order theretofore issued. The plaintiff appealed.

*Brown Shepherd, George A. Shuford* and *C. F. Toms* for plaintiff.

Defendants not represented in this Court.

BROWN, J. The plaintiff sues to restrain the selling of her land under execution upon a judgment rendered by a justice of the peace and docketed in the Superior Court of Henderson County in a cause entitled W. C. Ward v. A. C. Peacock. Plaintiff claims under a deed from said Peacock dated 2 September, 1909.

It appears that on 29 March, 1909, the aforesaid action before the justice of the peace was commenced by issuing a summons returnable 30 March. This summons was not served, as appears by the return on it. A warrant of attachment was issued, returnable 30 March, and on 2 April it was levied on the land by defendant Blackwell, sheriff.

No service of the summons or of the attachment has ever been made, either personally or by publication, and no publication made. On 30 September, 1909, after plaintiff had purchased the land and had her deed recorded, the justice rendered final judgment against Peacock, although it appears of record that no publication or service of any kind has been made either of the summons or attachment. The judgment was docketed, execution issued and levied upon the land conveyed to plaintiff and the same advertised for sale.

His Honor denied the injunction upon the ground that the proceeding was void on its face. We agree with him that the

judgment is void, because it appears affirmatively upon the face of the record that no service, personally or by publication, has ever been made, either of the summons or attachment. The proceeding was discontinued before the judgment was rendered. *Etheridge v. Woodley,* 83 N. C., 11; *Best v. British and American Co.,* 128 N. C., 352; *Penniman v. Daniel,* 91 N. C., 431; *s. c.,* 93 N. C., 336; *Finch v. Slater, ante,* 155. To same effect are decisions in other States having statutes similar to ours. *Taylor v. Troncoso,* 76 N. Y., 599; *Dist. Co. v. Ruser,* 58 How. Pr., 505; *McLaughlin v. Wheeler,* 2 S. D., 379; *Millar v. Babcock,* 29 Mich., 526.

We think, however, his Honor should have restrained the sale, as the plaintiff is entitled to have the question finally determined as to the liability of her land for the judgment, and not be made to take the chance of losing it by forced sale under execution. If her land is liable for the judgment she should have the opportunity to pay it after a judicial determination. This question is fully and lucidly discussed by *Mr. Justice Manning* in the recent case of *Crockett v. Bray,* 151 N. C., 617, and need not be further discussed now. Let the injunction issue from the Superior Court of Henderson County enjoining the sale.

. Reversed.