LOCKLEAR v. SCOTLAND MEMORIAL HOSPITAL

[119 N.C. App. 245 (1995)]

━━━━━━━━━━━

LORRAINE H. LOCKLEAR, as Administratrix of the Estate of LISA ROBIN JACOBS, deceased, and HAL H. LOCKLEAR, as Guardian Ad Litem of Anthony Jacobs v. SCOTLAND MEMORIAL HOSPITAL, INC., and KEITH M. WAYMENT, M.D.

No. 9416SC656

(Filed 6 June 1995)

**Process and Service § 53 (NCI4th)— alias and pluries summons—retroactive extension of time**

The trial court properly refused to set aside the order of dismissal in a medical malpractice action where plaintiff issued the summons on 4 May 1993; the summons was returned unserved on 12 May 1993; plaintiff had ninety days from 4 May 1993 (until 2 August 1993) to have this action continued through endorsement

upon the original summons or issuance of alias or pluries summons; and plaintiff failed to secure an endorsement upon the original summons or sue out an alias or pluries summons. Any subsequent issuance of a summons in the case would have resulted in the commencement of an entirely new action from the date the summons was issued, more than one year after the date on which plaintiffs took a voluntary dismissal and otherwise outside the statutory limitations period.

**Am Jur 2d, Process § 119.**

**Conduct of defendant or defendant's attorney, other than express waiver of service of process, that induces plaintiff to forgo service of process as constituting or supporting finding of "good cause," under Rule 4(j) of Federal Rules of Civil Procedure, for plaintiff's failure to timely serve process. 108 ALR Fed. 887.**

Appeal by plaintiffs from order signed 8 March 1994 by Judge D. Jack Hooks, Jr. in Harnett County Superior Court. Heard in the Court of Appeals 21 February 1995.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr. and Kenneth B. Oettinger, for plaintiff-appellants.*

*Young, Moore, Henderson & Alvis, P.A., by Joseph W. Williford, for defendant-appellee Keith M. Wayment, M.D.*

MARTIN, MARK D., Judge.

The issue on appeal is whether the trial court, pursuant to N.C. Gen. Stat. § 1A-1, Rule 6(b), has discretion to retroactively extend the time provided in N.C. Gen. Stat. § 1A-1, Rule 4(d), for issuance of an alias and pluries summons or for an endorsement upon the original summons to effectuate service. We affirm.

On 29 January 1991 plaintiffs commenced a wrongful death and survival action against defendants Scotland Memorial Hospital, Inc. and Keith M. Wayment, M.D. Plaintiffs alleged defendants medical negligence resulted in the death of Lisa Robin Jacobs on 2 February 1989. On 4 May 1992 plaintiffs took a voluntary dismissal without prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). On 4 May 1993 plaintiffs commenced the present action based on the same claims. On 4 May 1993 a summons was issued for defendant Scotland Memorial Hospital, Inc., which was served on 10 May 1993. On 4 May

1993 a summons was also issued for defendant Wayment and was returned unserved on 12 May 1993. Plaintiff did not secure an endorsement upon the original summons or sue out an alias or pluries summons on defendant Wayment. On 7 July 1993 defendant Hospital filed its answer· and moved to tax the costs of the prior action to plaintiffs. On 9 August 1993 defendant Wayment moved, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2),(4), and (5), to dismiss the action for lack of jurisdiction of the person, insufficiency of process, and insufficiency of service of process. On 23 August 1993 Judge Hooks allowed defendant Wayment's motion to dismiss and defendant hospital's motion to tax the costs of the prior action to plaintiffs. On 24 August 1993 the trial court found the action against defendant Wayment had been discontinued and dismissed the action with prejudice for lack of jurisdiction.

On 18 November 1993 plaintiffs moved to set aside the order of dismissal and to extend time to effectuate service on defendant Wayment. Although the trial court found that the failure to obtain service of process upon defendant Wayment was due to excusable neglect, it denied plaintiffs' motions stating:

> The action as to Keith M. Wayment, M.D. was discontinued on August 2, 1993 and the statute of limitations as to Keith M. Wayment, M.D. for any alleged actions resulting in the death of Lisa Jacobs on February 2, 1989 has expired. Any extension of time to attempt to effectuate service of process upon Keith M. Wayment, M.D. would not prevent a discontinuance of the action as to Keith M. Wayment, M.D. and if service were effectuated at any time after August 2, 1993 the applicable statute of limitations would bar the claim as to Keith M. Wayment, M.D.

On appeal plaintiffs contend Rule 6(b) allows the trial court to exercise its discretion to retroactively extend the ninety day time period provided in Rule 4(d) for issuance of an alias and pluries summons or for an endorsement upon the original summons to effectuate service on defendant Wayment and to prevent a discontinuance of the action against him. We disagree.

Rule 6(b) gives our trial courts the discretion, upon a finding of "excusable neglect," to retroactively extend the time provided in Rule 4(c) for serving a summons after it has become *functus officio*. *Lemons v. Old Hickory Council*, 322 N.C. 271, 276, 367 S.E.2d, 655, 658 (1988). However, this Court held in *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635, *disc. review denied as improvidently*

*allowed,* 332 N.C. 480, 420 S.E.2d 826 (1992), that trial courts do not have discretion pursuant to Rule 6(b) to prevent a discontinuance of an action under Rule 4(e) when there is neither endorsement of the original summons nor issuance of alias or pluries summons within ninety days after issuance of the last preceding summons. *Id.* at 78, 411 S.E.2d at 638.

We are bound by *Dozier* in this case. Plaintiff issued the summons on defendant Wayment on 4 May 1993. The summons was returned unserved on 12 May 1993. Plaintiff had ninety days from 4 May 1993, or until 2 August 1993, to have this action continued through endorsement upon the original summons or issuance of alias or pluries summons. Plaintiff failed to secure an endorsement upon the original summons or sue out an alias or pluries summons on defendant Wayment. Any subsequent issuance of a summons in the case would have resulted in the commencement of an entirely new action from the date the summons was issued, more than one year after the date on which plaintiffs took a voluntary dismissal and otherwise outside of the statutory limitations period. Therefore, plaintiffs' action is barred by the statute of limitations.

Plaintiffs rely on *Lemons, supra,* and argue that the trial judge had discretion to allow an extension of time to serve the summons. Plaintiffs' reliance upon *Lemons* is misplaced. In *Lemons*, plaintiffs obtained an alias summons and therefore the action never lapsed. Unlike *Lemons*, plaintiffs here allowed the original summons to expire by not obtaining an alias summons or endorsement, *which resulted in a discontinuance of their action.* Therefore, the issuance of a new summons would institute a new civil action. Because discontinuance of the action against defendant Wayment is mandated under this Court's decision in *Dozier*, the trial court properly refused to set aside the order of dismissal.

Affirmed.

Judges JOHNSON and JOHN concur.