PATRICIA JOHNSON, DORIS LARYEA, LOVIE H. JONES, AND GERALDINE COLLIER, PLAINTIFFS v. LYNWOOD LUCAS AND JOE PEACOCK, T/A TRIANGLE TIMBER SERVICES, DEFENDANTS

No. COA03-1358

(Filed 15 February 2005)

## Appeal and Error— appealability—partial summary judgment

Defendant's appeal was dismissed as interlocutory where his brief contained no statement of grounds for appellate review of the interlocutory order (partial summary judgment) and no discussion of any substantial right that would be affected without immediate review.

Judge TYSON dissenting.

Appeal by defendant Lynwood Lucas from judgment entered 2 June 2003 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 August 2004.

*Hunter, Higgins, Miles, Elam & Benjamin, P.L.L.C., by Robert N. Hunter, Jr. and Christopher M. Craig, for plaintiff-appellees.*

*Ligon and Hinton, by George Ligon, Jr., for defendant-appellant.*

HUDSON, Judge.

Lynwood Lucas ("defendant Lucas") appeals from partial summary judgment awarding seventy-seven thousand dollars ($77,000) with costs to Patricia Johnson, Doris Laryea, Lovie H. Jones, and Geraldine Collier (collectively, "plaintiffs"), the judgment recoverable from defendant Lucas and Joe Peacock ("defendant Peacock") (collectively, "defendants"), jointly and severally. The court based its judgment in part upon prior findings of fact by Judge J.B. Allen, Jr., from a July 2001 order in which defendant Lucas was ordered to pay defendant Peacock seventy-seven thousand dollars ($77,000). We dismiss this appeal as interlocutory.

## I. Background

James Lucas, Sr., owned property ("Property") located in Wake County, North Carolina. His children are Patricia Johnson, Doris Laryea, Geraldine Collier, defendant Lucas, and William Lucas, who is not a party to this action. When James Lucas, Sr., died in 1967, the

Property passed by will to his widow, plaintiff Lovie H. Jones, for life. Upon her death, the Property passed equally to his children as remaindermen and joint tenants. The Estate of James Lucas, Sr. was closed on 2 December 1969 after the Clerk of Court approved the Final Account, filed by defendant Lucas as Executor.

At the time of relevant events, plaintiff Lovie H. Jones lived on the Property, where she remained until her death in April 1999. Upon Lovie H. Jones' death, plaintiff Patricia Johnson assumed possession of the Property.

In November 1995, defendant Lucas approached defendant Peacock regarding the sale of timber growing on the Property. Defendant Lucas represented and warranted to defendant Peacock that plaintiff Lovie H. Jones owned the property and that he was authorized to sell the timber. Defendant Lucas and plaintiff Lovie H. Jones executed a "Timber Deed" granting defendant Peacock ownership in the timber on the Property. Defendant Peacock testified he purchased the timber believing that defendant Lucas and his mother, Plaintiff Lovie H. Jones, were authorized to sell it. Defendant Peacock harvested the timber and sold it to several lumber yards for $107,040.74. Defendant Peacock subsequently paid defendant Lucas $32,413.20, the purchase price set forth in the agreement.

On 5 May 1997, plaintiffs filed suit alleging that defendant Lucas sold the timber without authorization from the other remaindermen and did not share the proceeds. Plaintiffs alleged: (1) Fraud and Misrepresentation, (2) Conversion, (3) Trespass, (4) Civil Conspiracy, (5) Unlawful Cutting of Timber, and (6) entitlement to Punitive Damages. The record contains returned summonses showing service of process by the Sheriff of Wake County on defendant Lucas and defendant Peacock's agent personally. Defendant Lucas did not answer the complaint.

Defendant Peacock filed an answer and crossclaim against defendant Lucas alleging: (1) defendant Lucas represented himself as agent for the owners of the timber and defendant Peacock relied in good faith on those representations, (2) defendant Lucas covenanted and warranted to defendant Peacock that he was authorized to act on the "behalf of the owners of the timber," and (3) defendant Peacock should be indemnified by defendant Lucas if damages are awarded. Defendants Peacock and Lucas stipulated in the record that service of process of the crossclaim was not obtained on defendant Lucas.

**JOHNSON v. LUCAS**

[168 N.C. App. 515 (2005)]

On 27 June 1997, plaintiffs obtained an Entry of Default from the Wake County Assistant Clerk of Superior Court against defendant Lucas for failure to appear, plead, or otherwise defend. Subsequently, following a hearing on 2 July 2001 in Wake County Superior Court, Defendant Peacock obtained judgment against defendant Lucas for seventy-seven thousand dollars ($77,000). Defendant Lucas was not notified, and was neither present at the hearing nor represented by counsel.

On 13 March 2002, the court dismissed plaintiffs' complaint with prejudice for lack of activity after the hearing on 2 July 2001, and ordered plaintiffs to pay court costs. Defendant Lucas was not present. On 6 February 2003, plaintiffs filed a Motion for Relief from Judgment under Rule 60(b) of the N.C. Rules of Civil Procedure. Judge Narley Cashwell heard the motion on 6 April 2003, and ordered the dismissal set aside and the case reinstated. Both defendants took exception to the ruling.

On 10 March 2003 defendant Lucas filed a Motion for Relief from Judge Allen's 2 July 2001 order that required him to pay defendant Peacock Seventy-Seven Thousand Dollars ($77,000).

On 5 May 2003, Defendant Lucas filed a Motion to Set Aside the Default entered against him on 27 June 1997, and also filed a Motion to Dismiss defendant Peacock's Crossclaim. These motions remain pending.

Plaintiffs filed a Motion for Partial Summary Judgment against defendant Peacock on 10 April 2003 based on Claim #5 of their complaint entitled "Unlawful Cutting of Timber" and a hearing was held on 9 June 2003. The court entered Partial Summary Judgment for plaintiffs against both defendants for the Unlawful Cutting of Timber. The ruling was based solely upon the findings of fact in the 12 July 2001 judgment against defendant Lucas. Defendant Lucas appeals.

## II. Issues

The issues on appeal are whether: (1) this appeal by defendant Lucas is interlocutory; (2) the superior court erred in granting summary judgment if William Lucas was a necessary party; (3) the prior judgment was void; and (4) there were issues of fact as to damages. However, in light of our conclusion that this appeal should be dismissed as interlocutory, we do not reach any of the remaining issues.

### III. Interlocutory Appeal

We initially consider whether this appeal from a partial summary judgment is properly before this Court. Neither party raised the issue of whether the appeal is interlocutory or properly before the Court, and the appellant has asserted that the order appealed from is a final judgment. Given that the record shows the order to be interlocutory, as discussed below, we address this issue on our own motion.

It appears from the record that the trial court granted defendant's motion for partial summary judgment, leaving several of the plaintiff's claims still pending. "A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court." *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002). As such, the order granting partial summary judgment is interlocutory. Ordinarily, there is no right of immediate appeal from an interlocutory order. *Travco Hotels, Inc. v. Piedmont Natural Gas Co.*, 332 N.C. 288, 292, 420 S.E.2d 426, 428 (1992). The record indicates that the trial court did not certify this case for immediate appeal pursuant to Rule 54(b) of the Rules of Civil Procedure.

It is well established that the appellant bears the burden of showing to this Court that the appeal is proper. First, when an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P., Rule 28(b)(4). Here, defendant simply asserts in its statement of grounds for appellate review that the order "is a final judgment," and, not recognizing the appeal as interlocutory, does not address what substantial right might be lost if this appeal does not lie. Thus, we could dismiss the appeal based solely on failure to comply with this requirement of the Rules.

In addition, however, defendant has failed to carry the burden of showing why the appeal affects a substantial right. "It is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]" *Thompson v. Norfolk & Southern Ry.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (internal citations and quotation marks omitted). Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444

S.E.2d 252, 254 (1994). The appellant's brief here contains no statement of the grounds for appellate review of the interlocutory order, and no discussion of any substantial right that will be affected if we do not review this order at this time. Therefore, both because of defendant's failure to comply with Rule 24(b)(4), and for defendant's failure to carry its burden of proof, we dismiss this appeal as interlocutory. In light of our conclusion that we should dismiss this appeal, we do not reach the merits of the issues.

Dismissed.

Judge BRYANT concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion dismisses defendant Lucas's appeal for failing to: (1) state in his brief the grounds for appellate review of an interlocutory appeal; and (2) discuss the substantial rights that will be affected if this appeal is not reviewed at this time. Neither party raised the issue of the interlocutory nature of this appeal in their respective briefs. The majority's opinion reached that issue *ex mero motu*. In my view, defendant Lucas sufficiently argues the applicable substantial rights that would be adversely affected without this Court's review. I vote to reach the merits of the case, vacate the trial court's judgment, and remand the matter for further proceedings. I respectfully dissent.

## I. Interlocutory Appeals

Interlocutory appeals are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (quoting *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)); *accord Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

### A. Rules of Appellate Procedure

Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure requires the appellant's brief to include a "statement of the grounds for appellate review." N.C.R. App. P. 28(b)(4) (2004); *see Chicora*

*Country Club, Inc., et al. v. Town of Erwin,* 128 N.C. App. 101, 105, 493 S.E.2d 797, 800 (1997). If the appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the grounds that the challenged judgment either affects a substantial right, or was certified by the trial court for immediate appellate review. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379-80, 444 S.E.2d 252, 254 (1994).

Defendant Lucas does not specifically address appellate review of an interlocutory appeal in his "statement of the grounds for appellate review." He argues the trial court violated his constitutional due process and statutory rights when it entered summary judgment against him based solely on the findings of fact contained in a judgment in a prior case in which he never received service of process.

### B. Appellate Review of Interlocutory Judgments

Interlocutory judgments may only be appealed in the following two situations: (1) certification by the trial court for immediate review under N.C. Gen. Stat. § 1A-1, Rule 54(b); or (2) a substantial right of the appellant is affected. *Tinch v. Video Industrial Services.,* 347 N.C. 380, 381, 493 S.E.2d 426, 427 (1997) (citing *Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)); N.C. Gen. Stat. §§ 1-277A and 7A-27(d) (2003). Here, the trial court did not certify its judgment from which defendant Lucas appeals under Rule 54(b).

### 1. Substantial Right

In determining whether a substantial right is affected "a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.,* 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990); N.C. Gen. Stat. § 1-277A; N.C. Gen. Stat. § 7A-27(d).

Our Supreme Court adopted the dictionary definition of "substantial right" in *Oestreicher v. American Nat'l Stores, Inc.*: " 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right.' " 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 2280 (1971)).

### a. Service of Process

The Constitutional right of " '[d]ue process of law' requires that a defendant shall be properly notified of the proceeding against him, and have an opportunity to be present and to be heard." *B-W Acceptance Corp. v. Spencer*, 268 N.C. 1, 10, 149 S.E.2d 570, 577 (1966). The parties stipulate that defendant Peacock failed to serve defendant Lucas with the crossclaim. It is also undisputed that the findings of fact from the 12 July 2001 judgment that ruled on defendant Peacock's crossclaim were the basis of the 9 June 2003 judgment from which defendant Lucas appeals.

Defendant Peacock failed to satisfy the requirements of Rules 4 and 5 of the N.C. Rules of Civil Procedure governing proper service of process. N.C. Gen. Stat. § 1A-1, Rule 4 (2003); N.C. Gen. Stat. § 1A-1, Rule 5 (2003); *see also County of Wayne ex. rel. Williams v. Whitley*, 72 N.C. App. 155, 158, 323 S.E.2d 458, 461 (1984) (an action may be continued against that defendant by either: (1) the plaintiff securing an endorsement upon the original summons for an extension of time to complete service of process; or (2) the plaintiff may sue out an alias or pluries summons within 90 days after the issuance of the previous summons or prior endorsement).

If a party fails to extend time for service, the suit is discontinued, and treated as if it had never been filed. *Johnson v. City of Raleigh*, 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 176 (1990) (citing *Hall v. Lassiter*, 44 N.C. App. 23, 26-27, 260 S.E.2d 155, 158 (1979)). Without service of process, the court has no jurisdiction. *Columbus County v. Thompson*, 249 N.C. 607, 610, 107 S.E.2d 302, 305 (1959) (citing *Collins v. Highway Com.*, 237 N.C. 277, 74 S.E.2d 709 (1953); *Moore v. Humphrey*, 247 N.C. 423, 101 S.E.2d 460 (1958)). A subsequent judgment entered against the unserved party after the action is discontinued for want of valid service of process is void. *Bowman v. Ward*, 152 N.C. 602, 602-03, 68 S.E. 2, 2 (1910) (citations omitted).

"A void judgment is not a judgment and may always be treated as a nullity . . . it has no force whatever." *Clark v. Carolina Homes, Inc.*, 189 N.C. 703, 708, 128 S.E. 20, 23 (1925) (citations omitted). No matter how much time has passed, a void judgment will never become valid. *Columbus County*, 249 N.C. at 610, 107 S.E.2d at 305 (citations omitted).

The judgment entitling defendant Peacock to recover damages from defendant Lucas was discontinued for want of service of

process and is void as a matter of law. *Locklear v. Scotland Memorial Hosp.*, 119 N.C. App. 245, 247-48, 457 S.E.2d 764, 766 (1995); *see also Bowman*, 152 N.C. at 602-03, 68 S.E. at 2; N.C. Gen. Stat. § 1A-1, Rule 4(e). The 9 June 2003 judgment defendant Lucas appeals from was based solely on findings of fact from defendant Peacock's discontinued action and void judgment. Defendant Peacock's failure to provide defendant Lucas any notice of the crossclaim violated his due process rights under Section I of the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution.

Failure to review the judgment appealed from would deprive defendant Lucas an opportunity to protect his constitutional and substantial right to due process of law and result in substantial financial and legal injury to him. Defendant Lucas has shown that both a constitutional and substantial right exist, which will be lost if not corrected before appeal from final judgment. *See Goldston*, 326 N.C. at 726, 392 S.E.2d at 736.

### b. Monetary Judgment

Alternatively, defendant Lucas also argues the entry of a monetary judgment, the result of the appealed judgment, further affects his substantial rights. This Court held in *Equitable Leasing Corp. v. Myers* that a "trial court's entry of summary judgment for a monetary sum against [a] defendant . . . affects a 'substantial right' of [the] defendant." 46 N.C. App. 162, 172, 265 S.E.2d 240, 247 (1980) (citation omitted). The 9 June 2003 judgment decreed plaintiffs are entitled to recover judgment against defendants, jointly and severally, in the amount of $77,000.00 for the unlawful cutting of timber. Stipulated facts show that defendant Lucas and his mother, Lovie H. Jones, received only $32,413.20 in proceeds from the sale of the timber. Both the award and the amount of the monetary sum against defendant Lucas affect a substantial right and are immediately appealable.

Further, the trial court did not stay its judgment pending resolution of the remaining claims against defendant Lucas and failed to rule on pending dispositive motions. This subjects defendant Lucas to immediate execution of the judgment.

Defendant Lucas sufficiently argued two substantial rights that will be adversely affected without this Court's immediate review of the case. The merits of the issues presented by this appeal are ripe for resolution.

JOHNSON v. LUCAS

[168 N.C. App. 515 (2005)]

II. Necessary Parties

Defendant Lucas contends the judgment is void for failure to join a necessary party under Rule 19 of the N.C. Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 19 (2003). He argues William Lucas, his brother and the fifth remainderman, is necessary to protect his rights and interests in the case. I disagree.

A necessary party is one who has or claims a material interest in the subject matter of the controversy and whose interests will be directly affected by the outcome of the case. *N.C. Monroe Constr. Co. v. Guilford County Bd. of Educ.*, 278 N.C. 633, 638-39, 180 S.E.2d 818, 821 (1971) (citing *Gaither Corp. v. Skinner*, 238 N.C. 254, 256, 77 S.E.2d 659, 661 (1953)). Rights of the necessary party must be ascertained and settled before the rights of the parties to the suit can be determined. *Wall v. Sneed*, 13 N.C. App. 719, 724, 187 S.E.2d 454, 457 (1972) (quoting *Equitable Life Assur. Soc. of United States et al. v. Basnight*, 234 N.C. 347, 67 S.E.2d 390 (1951)).

Plaintiffs argue William Lucas is a proper party, but that his participation in the suit is not necessary or required to protect either his or defendant Lucas's rights and interests. Proper parties are those whose interests may be affected by the outcome of the case, but whose presence is not necessary to go forward. *N.C. Monroe Constr. Co.*, 278 N.C. at 638-39, 180 S.E.2d at 821 (quoting *Gaither Corp.*, 238 N.C. at 256, 77 S.E.2d at 661).

William Lucas was an equal remainderman under his father's will and became a joint tenant upon the death of the life tenant, his mother, Lovie H. Jones. While his interest in the Property will be affected by the outcome, that interest does not require his entry into the case for determination of possible damages.

Our Supreme Court addressed a similar issue in *Winborne v. Elizabeth City Lumber Co.*, 130 N.C. 32, 40 S.E. 825 (1902). A single co-tenant sought compensation for the harvesting of timber from property. *Id.* at 33, 40 S.E. at 825. The Court awarded him a *pro rata* part of the damages, reserving the remaining shares for the other co-tenants. *Id. Winborne's* logic applies to the case at bar.

Should plaintiffs be awarded damages for some or all of their claims against defendants, each remainderman will receive their *pro rata* share, including defendant Lucas and William Lucas. Their shares will be separated to protect their interest in the Property. I

would hold that William Lucas is a proper but not a necessary party to this action. This assignment of error should be overruled.

### III. Life Tenancy and Waste

Defendant Lucas's final assignment of error asserts the trial court erred by granting partial summary judgment when genuine issues of material fact exist regarding the amount of damages. I agree.

The existence and amount of damages rest on two factors. First, the 9 June 2003 partial summary judgment awarding damages was based on findings of fact in the void 12 July 2001 judgment. This included the $77,000.00 in damages. It is undisputed that the 12 July 2001 judgment is void for lack of service of process on defendant Lucas. Thus, the amount of damages against defendant Lucas, if any, was not properly determined.

Second, the foundation of all claims in plaintiffs' complaint asserts that a life tenant may not sell timber from the property without the authorization of all remaindermen and the sharing of proceeds. *Thomas v. Thomas*, 166 N.C. 627, 631, 82 S.E. 1032, 1034 (1914) (citing *Dorsey v. Moore*, 100 N.C. 41, 44, 6 S.E. 270, 271 (1888)). Plaintiffs argue such behavior constitutes waste and impairs the substance of the inheritance. *Dorsey*, 100 N.C. at 44, 6 S.E. at 271. However, a long standing exception allows a life tenant to harvest and sell sufficient timber to maintain the property for the proper enjoyment of the land. *Fleming v. Sexton*, 172 N.C. 250, 257, 90 S.E. 247, 250-51 (1916) (citing *Thomas*, 166 N.C. at 631, 82 S.E. at 1034 (citations omitted)). This right includes physically using the timber or the proceeds from its sale to maintain or repair the life estate. *Id.*

Defendant Lucas contends this exception applies to him. In his Motion to Set Aside Entry of Default filed on 5 May 2003, which the trial court did not rule upon, he asserts the proceeds from the sale of the timber were given to the life tenant, plaintiff Lovie H. Jones, for the maintenance of the Property. He argues this issue again on appeal to this Court. This defense to allegations of waste also affects the determination of damages.

Both the failure to complete service of process of the crossclaim by defendant Peacock and defendant Lucas's defense to waste are questions of fact in calculating damages. Defendant Lucas argues his mother received the full contract price of $32,413.20, while he is liable under the void judgment for $77,000.00 plus costs. The issue of damages is a question of fact. *Olivetti Corp. v. Ames Business*

*Systems, Inc.*, 319 N.C. 534, 548, 356 S.E.2d 578, 586, *reh'g denied by,* 320 N.C. 639, 360 S.E.2d 92 (1987). Since a genuine issue of material fact exists, partial summary judgment awarding damages was improper. *Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 677, 242 S.E.2d 785, 794 (1978); N.C. Gen. Stat. § 1A-1, Rule 56(d). A judgment that rests upon a void judgment for its validity is itself void. *See Clark, supra.* I would vacate the trial court's decision and remand for further proceedings consistent with this opinion.

### IV. Hearings for Defendant Lucas's Motions

Defendant Lucas filed three separate motions for relief during the course of this action: (1) Motion for Relief of Judgment dated 10 March 2003; (2) Motion to Set Aside Entry of Default dated 5 May 2003; and (3) Motion to Dismiss Crossclaim dated 5 May 2003. Although these dispositive motions were filed and pending, the record does not disclose whether any of the three were ruled upon prior to entry of the appealed judgment.

All three motions are dispositive of issues present in the case. Upon remand, these motions should be heard.

### V. Conclusion

Defendant Lucas sufficiently argued that his substantial rights will be adversely affected without this Court's review of the case. In accordance with my discussion of the merits, I would: (1) vacate the trial court's entry of partial summary judgment against defendant Lucas, as it was based solely on findings of fact from a void judgment entered without jurisdiction over defendant Lucas; and (2) remand this case for further proceedings. I respectfully dissent.