LINDA VAN DYKE, AS ADMINISTRATRIX OF THE ESTATE OF PAUL VAN DYKE, PLAINTIFF V. CMI TEREX CORPORATION; HAUK MANUFACTURING CO.; ASTEC, A SUBSIDIARY OF ASTEC INDUSTRIES, INC.; ASTEC INDUSTRIES, INC.; ASTEC, INC.; JOHN WILLIAM COPELAND, III, INDIVIDUALLY; JAMES T. SMITH, INDIVIDUALLY; ROBBIE ROBINSON, INDIVIDUALLY; THE LANE CONSTRUCTION CORPORATION; AND CITY OF KINGS MOUNTAIN, DEFENDANTS

No. COA09-539

(Filed 8 December 2009)

**1. Appeal and Error— interlocutory order—substantial right**

The Lane Construction Corporation's appeal from the denial of its summary judgment motion, based on grounds that it was entitled to the protection of the exclusivity provisions of the Workers' Compensation Act, was dismissed as from an interlocutory order where Lane failed to establish that its liability was inseparable

---

from that of Rea Contracting such that the trial court's denial of summary judgment created a risk of inconsistent verdicts and affected a substantial right.

**2. Civil Procedure— summary judgment—genuine issue of material fact**

Even if the trial court reached the merits of Lane's appeal, the trial court did not err in denying's Lane's motion for summary judgment as there is a genuine issue of material fact as to whether Lane's allegedly negligent actions were taken in its own interests or in the course of conducting Rea's business.

Appeal by defendant The Lane Construction Corporation from an order dated 7 January 2009 by Judge James W. Morgan in Cleveland County Superior Court. Heard in the Court of Appeals 27 October 2009.

*Cranfill Sumner & Hartzog, L.L.P., by Patrick H. Flanagan and Bradley P. Kline, for defendant-appellant Lane Construction Corporation.*

*White & Allen, P.A., by Matthew S. Sullivan, and Abrams & Abrams, P.A., by Douglas B. Abrams, Margaret S. Abrams and Noah B. Abrams, for plaintiff-appellee.*

BRYANT, Judge.

Plaintiff Linda Van Dyke, as Administratrix of the Estate of Paul Van Dyke, filed this action on 29 October 2007 alleging breach of warranty and negligence claims against various manufacturers of plant equipment, *Pleasant v. Johnson* claims against certain employees of Rea Contracting, L.L.C. ("Rea"), and negligence claims against the City of Kings Mountain and appellant The Lane Construction Corporation ("Lane"). On 25 November 2008, Lane moved for summary judgment, contending that the Workers' Compensation Act ("the Act") precludes plaintiff's claims against it as a matter of law. On 8 December 2008, the trial court heard Lane's motion and subsequently denied it by order dated 7 January 2009. Lane appeals. As discussed below, we dismiss this appeal as interlocutory.

*Facts*

Plaintiff's decedent, Paul Van Dyke, was an employee at an asphalt plant in Kings Mountain owned by Rea. On 10 November 2005, Van Dyke was struck and killed by a steel pipe during an explo-

sion at the plant. Lane is the parent corporation of Lane Carolinas Corporation, L.L.C. ("Lane Carolinas"), which is, in turn, the sole member-manager of Rea.

On appeal, Lane brings forward a single assignment of error: the trial court erred in denying its motion for summary judgment because "Lane Carolinas Corporation is a Limited Liability Company acting as the sole member-manager of Rea Contracting LLC, that Lane Carolinas Corporation is a wholly-owned subsidiary of The Lane Corporation, and as such, Defendant Lane Construction Corporation is entitled to the protection of the exclusivity provision of the North Carolina Worker's [sic] Compensation Act." We note that although the assignment of error states that Lane Carolinas is an L.L.C., the record indicates that Lane Carolinas is actually a corporation.

*Grounds for Appellate Review*

The denial of summary judgment is not a final judgment. *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "Generally, there is no right of immediate appeal from interlocutory orders" unless a substantial right is affected. *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725-26, 392 S.E.2d 735, 736 (1990). "[T]he appellant bears the burden of showing to this Court that the appeal is proper." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *affirmed*, 360 N.C. 53, 619 S.E.2d 502 (2005).

[1] Lane contends that the trial court's denial of its motion for summary judgment affects a substantial right and cites *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 652 S.E.2d 231 (2007), in support of this contention. *Hamby* also concerned an interlocutory appeal from the denial of a motion for summary judgment. *Id.* at 633, 652 S.E.2d at 233. Profile, the member-manager of Terra-Mulch, the LLC employer in *Hamby*, argued there was a risk of inconsistent verdicts because the plaintiffs' claims against Terra-Mulch would "proceed before the Industrial Commission while plaintiffs' claims against Profile [would] proceed in civil court, even though the facts and issues before each tribunal would be the same." *Id.* at 634, 652 S.E.2d at 234. The Supreme Court reversed this Court's dismissal of the appeal as inter-

locutory after finding that "Profile's liability for actions taken while managing Terra-Mulch is inseparable from the liability of Terra-Mulch, and thus the trial court's denial of summary judgment for Profile while granting summary judgment for Terra-Mulch creates a risk of inconsistent verdicts." *Id.* at 639, 652 S.E.2d at 237. Thus, we consider whether Lane's liability is inseparable from Rea's such that a risk of inconsistent judgments arises from the trial court's denial of summary judgment.

The Workers' Compensation Act provides the exclusive remedy for an employee asserting personal injury or death by accident claims against his employer and "those conducting his business." N.C. Gen. Stat. § 97-9 (2007). In *Hamby*, the Supreme Court held that the member-manager was entitled to the protections of the Act's exclusivity provisions because, "[a]s one conducting the employer's business and able to bind the employer, the liability of a member-manager is the same as that of the LLC employer it manages." 361 N.C. at 639, 652 S.E.2d at 236-37. In contrast, we have held that where the employer and its parent corporation or sole shareholder are merely separate but related entities, the exclusivity provision does not apply. *Cameron v. Merisel, Inc.*, 163 N.C. App. 224, 233, 593 S.E.2d 416, 423 (2004), *disc. review improvidently allowed*, 359 N.C. 317, 608 S.E.2d 755 (2005); *Phillips v. Stowe Mills, Inc.*, 5 N.C. App. 150, 154, 167 S.E.2d 817, 820 (1969).

Rea is an LLC formed under the laws of Delaware. "The North Carolina LLC Act states that the liability of a foreign LLC's managers and members is governed by the laws of the state under which the LLC was formed." *Hamby*, 361 N.C. at 636, 652 S.E.2d at 235 (citing N.C.G.S. § 57C-7-01 (2005)). Under Delaware law, a member-manager's liability is inseparable from the LLC's *when the member-manager is conducting the LLC's business. Id.* at 638, 652 S.E.2d at 236. For its actions in conducting Rea's business, Lane Carolinas would be protected by the exclusivity provisions; however, it is Lane, not Lane Carolinas, which is the party moving for summary judgment here.

Lane Carolinas is a corporation formed under the laws of Delaware, while Lane is a corporation formed under the laws of Connecticut and also is the sole shareholder of Lane Carolinas. N.C. Gen. Stat. § 55-15-05(b) (2007) provides that foreign corporations authorized to transact business in North Carolina are subject to the same liabilities as domestic corporations. "[A] shareholder of a corporation is not personally liable for the acts or debts of the corpora-

tion except that he may become personally liable by reason of his own acts or conduct." N.C. Gen. Stat. § 55-6-22(b) (2007). Lane, as sole shareholder in Lane Carolinas, is thus shielded from liability for the acts of Lane Carolinas, but not from liability for Lane's own negligent acts or conduct.

Lane's assignment of error and the arguments in its brief focus on the nature of the relationship between itself and the employer, Rea. However, in *Hamby*, it was the nature of the claims asserted by plaintiff *in conjunction with* the relationship of Profile and Terra-Mulch which determined the Court's holding. Unlike in *Hamby*, neither Rea nor Lane Carolinas is a party to this action, and plaintiff has alleged no claims against either entity. In her complaint, plaintiff contends Lane breached its legal duty to her decedent in failing to "provide proper warnings, operating procedures, and instructions on the subject machinery," and in failing to "exercise reasonable care and diligence in the selection, safety procedures, safety equipment, and operating procedures for use" at the asphalt plant. In its motion for summary judgment, Lane asserts that the Act's exclusivity provisions apply to it because Lane was, through its wholly-owned subsidiary Lane Carolinas, the sole member-manager of Rea. Lane further submitted the affidavit of Donald P. Dobbs, Executive Vice President of Lane, Secretary of Lane Carolinas, and Assistant Secretary of Rea, stating that Lane owns 100% of the stock of Lane Carolinas and "oversees and has complete control over Lane Carolinas," and that Lane and Lane Carolinas share the same principal officers and board of directors. However, in plaintiff's memorandum opposing Lane's motion for summary judgment, she asserts that her complaint states claims against Lane "that are independent from the actions of the subsidiary-employer, REA."

This is unlike *Hamby*, in which the "plaintiffs allege[d] that Profile 'control[led] and direct[ed]' the business affairs of Terra-Mulch and d[id] not distinguish their allegations against, nor the actions of, Terra-Mulch and Profile, claiming both were grossly negligent and caused Hamby's workplace injury." 361 N.C. at 638, 652 S.E.2d at 236. Here, in contrast, plaintiff does not allege that Lane controlled and directed the actions of Rea or Lane Carolinas, nor does she make the same claims against Rea or Lane Carolinas as against Lane. Plaintiff instead alleges that Lane acted negligently out of its own interests, not in its management or conduct of Rea's business. Neither Lane's motion nor the Dobbs affidavit directly addresses the nature of plaintiff's negligence claim against Lane, instead

focusing solely on the relationship between Lane, Lane Carolinas, and Rea. Further, on the record before us, we cannot determine whether Lane's liability is inseparable from that of Rea, and thus, we cannot hold that the trial court's denial of summary judgment creates a risk of inconsistent verdicts. Therefore, we dismiss this interlocutory appeal because Lane has failed to carry its burden of establishing grounds for appellate review. *Johnson*, 168 N.C. App. at 518, 608 S.E.2d at 338.

[2] Additionally, we note that the analysis for resolving this matter on the merits would be virtually identical to that required to determine whether Lane made its case that dismissal of this appeal would adversely affect a substantial right. Thus, were we to address the merits of Lane's appeal, we would affirm the trial court.

It is well-established that

[s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion. The standard of review for summary judgment is de novo.

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (internal citations and quotations omitted). Under North Carolina jurisprudence, summary judgment is rarely appropriate in a negligence case. *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E.2d 436, 440 (1982). As discussed previously, taken in the light most favorable to plaintiff, there is a genuine of issue of material fact as to whether Lane's allegedly negligent actions were taken in its own interests or in the course of conducting Rea's business. Thus, were we to reach the merits, we would find that the trial court did not err in denying Lane's motion for summary judgment.

DISMISSED.

Judges WYNN and McGEE concur.