BRYANT, Judge.
Where defendant appeals from an interlocutory partial summary judgment order and makes no showing that his appeal is properly before this Court, we dismiss defendant's appeal.
Plaintiff Karen Cecchettini and defendant Thomas Cecchettini were married on 8 April 1978. Two daughters were born of the marriage, one on 15 August 1981, and the other on 6 October 1983. On 23 June 1990, plaintiff and defendant separated, and in 1992 they divorced. On 29 July 1991, the parties entered into a separation agreement which set forth the terms of separation, custody, child support, payment for the children's college education, alimony, and division of property (the "1991 Agreement").
On 21 February 2001, the parties entered into an amendment to the 1991 Agreement (the "2001 Amended Agreement"), which stated in pertinent part that defendant would "continue to pay [plaintiff] child support in the amount of $1,250 per month ($625.00 per child) ... until such time as each child graduated from a four-year college or university" and that, thereafter, defendant would be relieved "of any and all liability for payment of any expenses for the children's college education[.]"
In the fall of 2000, the oldest daughter had enrolled at the University of North Carolina at Chapel Hill and defendant paid her college expenses. In the fall of 2002, the youngest daughter enrolled at the University of North Carolina at Chapel Hill. Later that same year, defendant approached plaintiff and indicated he could no longer continue paying for both children's college expenses, and the parties split the college expenses for their children.
In May 2005, defendant stopped making support payments altogether but subsequently renewed payments of $500.00 per month until 2009, when he ceased making payments. After he again stopped making support payments in 2005, plaintiff continued to pay for college expenses for the parties' younger daughter.
On 18 October 2013, plaintiff filed a complaint alleging breach of separation agreement, specific performance, preliminary injunction, and attorneys' fees in Wake County District Court. Defendant filed an answer, affirmative defenses, and counterclaims for fraud, unjust enrichment, infliction of emotional distress, breach of contract resulting in rescission of the parties' separation agreement, and attorneys' fees. Plaintiff filed a responsive reply to the counterclaims and motion to dismiss.
On 23 January 2016, plaintiff filed a motion for summary judgment on her own contract claims arising out of the separation agreement and on defendant's counterclaims and affirmative defenses. Defendant filed his own motion for summary judgment on his claim for breach of contract resulting in rescission.
The matter came on for hearing on 25 May 2016 before the Honorable Christopher Bean, Judge presiding. The trial court entered its order on 19 July 2016 in which it (1) granted plaintiff's motion for summary judgment on defendant's counterclaims for fraud, intentional infliction of emotional distress, and breach of contract resulting in rescission; (2) denied plaintiff's summary judgment motion on her own contract claims and on negligent infliction of emotional distress; and (3) determined that defendant was barred from proceeding on any claims for damages from any alleged breach of contract where he elected to pursue rescission to the exclusion of those claims. Consequently, plaintiff's breach of contract and specific performance claims and defendant's negligent infliction of emotional distress claim still remain pending in the trial court awaiting trial or further proceedings.
On 1 August 2016, defendant filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Rules of Civil Procedure. The motion was heard on 1 December and an order entered 2 December 2016 denying the motion. Defendant filed notice of appeal on 6 January 2017 from the 19 July and 2 December 2016 orders.
_________________________
On appeal, defendant argues the trial court erred in dismissing (I) his claim for breach of contract and (II) his counterclaim for fraud. However, because defendant's appeal is from an interlocutory partial summary judgment order (the 19 July 2016 order) and the order denying his Rule 59(e) motion (the 2 December 2016 order), and defendant has made no showing that his appeal is properly before this Court, we dismiss defendant's appeal.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). Specifically, the trial court's summary judgment order in the instant case leaves plaintiff's claims still pending against defendant and defendant's sole remaining counterclaim for negligent infliction of emotional distress pending against plaintiff.
"It is well established that the appellant bears the burden of showing to this Court that the appeal is proper." Johnson v. Lucas, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (2005). "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order...." Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citations omitted). "Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." Johnson, 168 N.C. App. at 518, 608 S.E.2d at 338 (citation omitted).
The appellate rules require that an appellant include in its brief the grounds for appellate review. N.C. R. App. P. 28(b)(4) (2017). "When an appeal is interlocutory, the statement [of the grounds for appellate review in the appellant's brief] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." Id.(emphasis added). In other words, "appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right." Hoke Cty. Bd. of Educ. v. State, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (citation omitted). Further, where an appeal is interlocutory, Rule 28(b)(4) becomes a jurisdictional rule, meaning that failure to establish the existence of a substantial right in the appellant's principle brief is a jurisdictional violation requiring dismissal. Larsen v. Black Diamond French Truffles, Inc., 241 N.C. App. 74, 77-78, 772 S.E.2d 95-96 (2015) ("[W]hen an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule.").
In the instant case, defendant makes no acknowledgement of the interlocutory nature of his appeal and instead implies his appeal is from a final judgment or order. Defendant's "Statement of Grounds for Appellate Review" bears only a conclusory statement and a general citation to N.C. Gen. Stat. § 7A-27(b) and fails to identify any specific jurisdictional ground for the appeal, see N.C. R. App. P. 28(b)(4), namely, that the interlocutory order from which he appeals affects a substantial right. As such, defendant has failed to meet his burden to establish the jurisdictional grounds for appeal pursuant to the Rules of Appellate Procedure, see Johnson, 168 N.C. App. at 518, 608 S.E.2d at 338, and we dismiss defendant's interlocutory appeal. See Town Ctr. Assocs. v. Y & C Corp., 127 N.C. App. 381, 386, 489 S.E.2d 434, 436-37 (1997) (dismissing appeal where order appealed from granting partial summary judgment on two of three counterclaims was not final and did not affect a substantial right).
DISMISSED.
Report per Rule 30(e).
Judges DILLON and DIETZ concur.