A. J. JOHNSON ET ALS. v. J. B. ROBERSON ET ALS.

(Filed 22 March, 1916.)

**1. Appeal and Error—Timber—Interlocutory Orders—Final Judgment.**

An interlocutory order is provisional or preliminary only, and not determinative of the issues joined in the suit; and where it appears in a suit to restrain the cutting of certain timber and to subject it to sale for the satisfaction of plaintiff's judgments, that the determinative issues have been answered by the jury in plaintiff's favor, a decree accordingly entered, and a commissioner appointed to sell the timber and give effect to the decree, the judgment is not interlocutory; and when an appeal therefrom has been lost, the matter will not be afterwards reviewed on an appeal from an order confirming the sale.

**2. Appeal and Error—Broadside Exceptions—Refusal.**

An exception to the order of the court for that his Honor overruled the appellant's several exceptions to the report of the referee is too general, and will not be considered on appeal.

APPEAL by defendants from *Connor, J.,* at October Term, 1915, of SAMPSON.

Motion in the cause to confirm report of sale of certain standing timber made by a commissioner. From an order confirming the sale, the defendants appealed.

*H. E. Faison and Isaac C. Wright for plaintiffs.*
*John D. Kerr, Butler & Herring for defendants.*

BROWN, J. It appears from the record that this is an action to restrain defendants from cutting certain timber and to subject it to sale for the satisfaction of certain judgments held by plaintiffs against defendants.

The issues were tried at September Term, 1915, *Daniels, J.,* presiding. From the judgment then rendered, defendants appealed. The appeal was dismissed by the Supreme Court. Defendants then moved in said Court for a *certiorari* to bring the record up, which was denied. Defendants again moved upon affidavits to reinstate the appeal, which motion was denied.

The commissioner made sale of the timber according to the decree signed by *Daniels, J.,* and reported to October Term, 1915. Upon the hearing of a motion to confirm the report of sale a decree was entered confirming the same, and defendants appealed.

The defendants contend that the decree entered by *Daniels, J.,* at September Term, 1914, was interlocutory only, and that, notwithstanding they appealed from it and their appeal was dismissed, they have the right to review on the present appeal all the proceedings and rulings on that trial. Twelve issues were then passed on by the jury, the necessary facts found, and a final decree entered declaring the rights and liabilities of the parties, ordering the timber to be sold, and decreeing that the proceeds be applied to the satisfaction of the judgments. A commissioner was appointed to sell the timber and give effect to the decree.

That such a complete adjudication of the rights of the parties to the action can be called interlocutory is a proposition wholly untenable. If that decree is interlocutory, then the successor of Judge Daniels could set it aside, and the labors of judge and jury would have been in vain.

An interlocutory order or decree is provisional or preliminary only. It does not determine the issues joined in the suit, but merely directs

some further proceedings preparatory to the final decree.   1 Barb. Ch. Pr., 326, 327; 1 Black Judgments, 21.

In the decree rendered by *Daniels, J.,* an ascertained indebtedness is declared, judgment entered, and a foreclosure by sale adjudged. "Such judgment is final as to the amount of indebtedness so adjudicated, and it is also final for purposes of appeal as to all debated and litigated questions between the parties preceding such decree."   *Hoke, J.,* in *Williams v. McFadyen,* 145 N. C., 157.

The appointment of a commissioner to sell the timber was auxiliary and necessary to give effect to the decree.   The judgment of September Term, 1914, completed the main purpose of the action and settled and determined the rights of the parties.   The proceedings on that trial cannot now be reviewed.   The defendants properly appealed at the term the judgment was rendered, but lost their right to have this Court review them, and cannot now be heard.

The defendants assign error "for that his Honor, *Judge Connor,* overruled the exceptions of the defendants Dickerson and Roberson to the report of the commissioner," etc.   There are ten of these exceptions altogether, and, as we have repeatedly held, such assignments of error are too general to comply with the rule of this Court.   Such broadside assignments will not be considered.   *Sturtevant v. Cotton Mills, ante,* 119.

However, we have looked into the report and decree of confirmation of sale, and think that the matters excepted to were within the sound discretion of the court.

Affirmed.