RAY HUMPHRIES, JR.; C. KNOX COUNCIL; TOMMY O. HOLMES AND
    SHIRLEY HOLMES; IVAN N. REINER AND JUNSUN REINER; JOE COR-
    BIN AND MARY LOU CORBIN; JAMES R. WILLIAMS AND ALBERTA
    WILLIAMS; SYLVESTER HOWARD AND CORNELIUS HOWARD;
    CHARLES E. LABBY, JR.; LESTER MAY; CHARLES W. COUNTS AND
    THELMA COUNTS; NOEL ROGERS AND DIANE ROGERS; MELVIN
    VOIGHT AND GLORIA VOIGHT; GEORGE G. PATRICK; ADA LASSITER
    AND RICHARD LASSITER, ON BEHALF OF HIMSELF AND AS PRESIDENT OF THE
    BRYNN MARR/COLLEGE PARK CITIZENS ASSOCIATION, ON BEHALF OF ALL MEMBERS
    OF THE BRYNN MARR/COLLEGE PARK CITIZENS ASSOCIATION, AN ASSOCIATION OF
    RESIDENTS OPPOSING ANNEXATION INTO THE CITY OF JACKSONVILLE v. CITY OF
    JACKSONVILLE, NORTH CAROLINA; W. BRUCE TEACHEY; A. D. GUY;
    GEORGE L. JONES; M. C. CHOATE; JOE T. MORGAN; AND JAMES L.
    PENNINGTON

No. 55

(Filed 6 May 1980)

1. **Municipal Corporations § 2.1— annexation—maps supplied by city—compliance with statute**

    In a proceeding attacking an annexation ordinance, evidence was sufficient to support the trial court's conclusion that maps supplied by respondent city substantially met the requirements of G.S. 160A-47.

2. **Municipal Corporations § 2.1— annexation ordinance challenged—exclusion of black community—statutory requirements met**

    In a proceeding attacking an annexation ordinance there was no merit to petitioners' contention that the requirements of G.S. 160A-45 (declarations of policy) had not been met because a small, black residential area with no sewer services had not been annexed by respondent, since (1) the primary statute prescribing the exact procedure for annexation is G.S. 160A-49, and petitioners stipulated that respondent fully complied with the requirements of that statute, and (2) petitioner asserted that there was injury to the residents of the black community due to a discriminatory annexation policy, but petitioners lacked standing to raise this issue.

APPEAL by petitioners from judgment of *Tillery, J.* at the 25 June 1979 Session of ONSLOW County Superior Court.

On 25 April 1979, the City of Jacksonville adopted an ordinance providing for the annexation of the Brynn Marr/College Park Area. On 21 May 1979, petitioners, who own land in the area to be annexed, filed a petition in the Superior Court pursuant to G.S. 160A-50 seeking review of the city's action. At the conclusion of the hearing in Superior Court, Tillery, J. entered his findings of fact and conclusion of law upholding the annexation ordinance in all respects.

Petitioners appealed to this Court and pending appeal an order was entered staying the annexation.

Facts necessary to the decision of this case will be related in the opinion.

*Burney, Burney, Barefoot & Bain by Michael R. Mitwol for petitioner-appellants.*

*Warlick, Milsted, Dotson & McGlaughon by Marshall F. Dotson, Jr. for respondent-appellees.*

COPELAND, Justice.

G.S. 160A-38(h), as amended in 1977, provides that the appeal in annexation cases involving cities of less than 5,000 people is to the Court of Appeals. G.S. 160A-50(h) presently provides that the appeal in annexation cases involving cities of 5,000 or more people is to this Court. Therefore, petitioners properly appealed directly to this Court.

[1] Review in the superior court and appeal to the appellate division in annexation cases are governed by G.S. 160A-50. G.S. 160A-50(f)(2) allows the petitioner to present evidence to show that the provisions of G.S. 160A-47 have not been met. Specifically, petitioners complain that the provisions of subsection (1) a, b and c of section 47 have not been met. That statute provides that a map or maps must be included in the annexation report showing the following information:

"a. The present and proposed boundaries of the municipality.

b. The present major trunk water mains and sewer interceptors and outfalls, and the proposed extensions of such mains and outfalls as required in subdivision (3) of this section.

c. The general land use pattern in the area to be annexed." G.S. 160A-47(1).

On appeal, the findings of fact made below are binding on this Court if supported by the evidence, even when there may be evidence to the contrary. *In re Annexation Ordinance*, 296 N.C. 1, 249 S.E. 2d 698 (1978). Conclusions of law drawn by the trial judge from the findings of fact are reviewable *de novo* on appeal. *Food*

*Town Stores, Inc. v. City of Salisbury,* 300 N.C. 21, 265 S.E. 2d 123 (1980); *Harrelson v. State Farm Mutual Automobile Ins. Co.,* 272 N.C. 603, 158 S.E. 2d 812 (1968).

Our inquiry is whether petitioners have met their burden of showing by competent and substantial evidence that respondent did not comply with this statute. *In re Annexation Ordinance, supra.* Although petitioners have evidence in the record to the contrary, there is evidence to support the trial judge's findings that the maps substantially comply with the requirements of this statute. The entire present boundaries of the City of Jacksonville are not shown on any map in the record. However, we need not reach the issue of whether G.S. 160A-47(1) a. requires that the *entire* present city boundaries be shown for two reasons. First, one of the reasons a map is needed is to determine whether the contiguity requirements of G.S. 160A-48(b)(1) and (2) have been met. Petitioners stipulated that all of the requirements of G.S. 160A-48 have been fully met. Second, petitioners cannot show that they have been prejudiced or have suffered material injury due to this alleged noncompliance. Therefore, the error, if any, does not constitute reversible error. There is evidence to support the finding that "the petitioners have failed to show by competent evidence that they have suffered material injury by reason of any failure of the City of Jacksonville to comply with the procedures set forth in the statutes or any failure of the respondent to meet the requirements set forth in G.S. 160A-47 or G.S. 160A-48 or that there was any irregularity in the proceedings which materially prejudiced the substantive rights of the petitioners." This assignment of error is overruled.

[2] Petitioners contend that under G.S. 160A-50(f)(1) they can present evidence that the requirements of G.S. 160A-45 (declarations of policy) have not been met. Their argument is that the spirit and intent of the policies enumerated in subsections (1) — (4) of G.S. 160A-45 have been violated because Pickettown, a small, Black residential area with no sewer services, has not been annexed by the respondent. This assignment of error is without merit for two reasons.

First, it is true that the annexing authority must comply with the requirements of Part 3 of Chapter 160A which includes G.S. 160A-45 through 50. *In re Annexation Ordinance, supra.*

However, the provisions of G.S. 160A-45 are merely statements of policy. No procedural steps, substantive rights, or annexation requirements are contained in that statute. The policies enumerated there are aids for statutory interpretation when other sections of part 3 of Chapter 160A are in need of clarification, definition, and interpretation.

For example, subsection (1) of G.S. 160A-45 states as a matter of policy that "sound urban development is essential to the continued economic development of North Carolina." The other provisions of part 3 of Chapter 160A then prescribe what must be done in order to annex an area. When G.S. 160A-47, 48 and 49 have been followed, then sound economic development has occurred because these statutes were enacted to implement and effectuate the intent and policies of the legislature that are enumerated in G.S. 160A-45. We have held above that G.S. 160A-47 was followed and petitioners have stipulated that the requirements of G.S. 160A-48 and 49(a)—(e) have been met with respect to the annexation of the Brynn Marr/College Park Area.

As discussed above, G.S. 160A-50(f)(2) allows a petitioner to present evidence that the requirements of G.S. 160A-47 (prerequisites to annexation; ability to serve; report and plans) have not been met. G.S. 160A-50(f)(3) allows a petitioner to present evidence that the requirements of G.S. 160A-48 (character of area to be annexed) have not been met. G.S. 160A-50(f)(1) allows a petitioner to present evidence that "the statutory procedure was not followed." The primary statute prescribing the exact procedure for annexation is G.S. 160A-49 (procedure for annexation) and petitioners have stipulated that the respondent has fully complied with the requirements of G.S. 160A-49(a)—(e).

Second, the residents of this area do not argue that they are themselves suffering material injury or prejudice. They are asserting that there has been injury to the residents of Pickettown due to a discriminatory annexation policy. This they lack standing to do, *see, Warth v. Seldin,* 422 U.S. 490, 45 L.Ed. 2d 343, 95 S.Ct. 2197 (1975) (no self-injury or justification to allow standing to enforce the rights of others), and such a cause of action, if any, does not lie in a petition to review an annexation ordinance. This assignment of error is overruled.

The stay of annexation is dissolved and the judgment of the trial judge is

Affirmed.