THE HONORABLE LACY THORNBURG, United States District Court Judge, Plaintiff v. CONSOLIDATED JUDICIAL RETIREMENT SYSTEM OF NORTH CAROLINA, a corporation, BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, a body politic and corporate; and THE STATE OF NORTH CAROLINA, Defendants

No. COA99-511

(Filed 21 March 2000)

**Costs— attorney fees—mathematical error**

Although the trial court did not abuse its discretion by awarding plaintiff attorney fees under N.C.G.S. § 6-19.1, based on its determination that the attorney's contingency fee arrangement was a reasonable fee, the case must be remanded to the trial court for entry of an amended order because the trial court's findings reveal that there is a mathematical error.

Appeal by defendants from order awarding attorney fees entered 16 February 1999 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 26 January 2000.

*Morgan, Reeves & Gilchrist, by Robert B. Morgan and Mary Morgan Reeves, for plaintiff appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Alexander McC. Peters, for defendant appellants.*

HORTON, Judge.

The Honorable Lacy Thornburg (Judge Thornburg) served as a Judge of the Superior Court from July 1967 through April 1983. During that service, Judge Thornburg was a member of, and contributed to, the Consolidated [formerly, Uniform] Judicial Retirement System (CJRS). His retirement benefits vested after five years of his service as a Superior Court Judge. Judge Thornburg began to receive monthly retirement benefits from CJRS after his retirement in 1983, but those benefits were suspended during his service as Attorney General of North Carolina from 1985 through 1992.

In January 1993, Judge Thornburg again began to receive retirement benefits from CJRS, and those benefits continued until March 1995, when he was appointed as a United States District Court Judge for the Western District of North Carolina. Upon his confirmation to the federal bench, his retirement benefits from CJRS were reduced to

THORNBURG v. CONSOLIDATED JUD'L RET. SYS. OF N.C.

[137 N.C. App. 150 (2000)]

an annuity funded only by his own contributions to the CJRS. Judge Thornburg's benefits were reduced pursuant to the provisions of N.C. Gen. Stat. § 135-72, which provided that members of the CJRS appointed to serve as judicial officers in the United States courts were not entitled to full benefits from the CJRS while serving in the United States courts. N.C. Gen. Stat. § 135-72 was enacted by the General Assembly in 1981, and became effective on 9 October 1981, *after* Judge Thornburg became vested in the CJRS. 1981 N.C. Sess. Laws ch. 978, § 7.

In response to an inquiry from counsel for Judge Thornburg, the Attorney General opined that Judge Thornburg was entitled to receive his benefits without reduction. CJRS officials considered themselves bound by the plain language of the statute, and expressed their inability to reinstate Judge Thornburg's benefits. This action was then filed on 9 January 1998 in Wake County Superior Court. On 7 July 1998, the parties entered a consent judgment requiring that the defendants pay Judge Thornburg retroactive benefits in the amount of $98,592.67 plus interest. The consent judgment made no provision for the payment of attorney fees.

On 26 August 1998, counsel for Judge Thornburg petitioned for attorney fees. After a hearing on the motion, the trial court entered an order on 16 February 1999 requiring defendants to pay to counsel for Judge Thornburg the sum of $42,239.92 as attorney fees, and to pay the costs. Defendants appealed, assigning error.

Defendants do not deny that counsel for plaintiff is entitled to a "reasonable" attorney fee pursuant to the provisions of N.C. Gen. Stat. § 6-19.1 (1999). Both assignments of error brought forward by defendants center around the question of whether the attorney fee awarded counsel for plaintiff was "reasonable" under the circumstances of this case. For the reasons set out below, we must remand this case to the trial court for further findings of fact and entry of a new fee award.

In order to support the conclusion of a trial court that a fee is reasonable as to amount, we have held that the trial court should make findings as to

the time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, or the experience and ability of the attorney.

*Morris v. Bailey,* 86 N.C. App. 378, 387, 358 S.E.2d 120, 126 (1987). *See also Falls v. Falls,* 52 N.C. App. 203, 221, 278 S.E.2d 546, 558, *disc. review denied,* 304 N.C. 390, 285 S.E.2d 831 (1981) (court is to make findings about the skill of the lawyer, the hourly rate charged by the lawyer, the reasonableness of the hourly rate in comparison with that charged by other attorneys, and the time and effort expended by the lawyer).

Here, the trial court found that the skill, experience and ability of the attorney for Judge Thornburg was well above average; that the constitutional questions presented by this litigation were complex, difficult and time-consuming; and that $250.00 per hour would be a reasonable hourly rate for this type of litigation, considering the skill of the plaintiff's attorney. Although the defendants question the reasonableness of the amount of time claimed by plaintiff's attorney for research, defendants do not seem to question seriously the hourly rate found by the trial court to be reasonable. The trial court found that 97.5 hours was a reasonable amount of time to expend on a case of this complexity, and there is evidence in the record to support that finding. Based on the amount of time involved, the attorney for the plaintiff would be entitled to an award of $250.00 times 97.5 hours, or a total of $24,375.00.

The heart of the controversy seems to be that the trial court did not award an attorney fee based on the calculation of an hourly rate times the hours expended, but found that a contingency fee ranging between 25% and 33-1/3% would be a "reasonable and customary fee" in Wake County for this type of case, and awarded plaintiff's counsel a fee of 25% of the amounts recovered, including the present value of future payments. The trial court found that plaintiff recovered $98,592.67 in past-due benefits; that the present value of future benefits to the plaintiff was $51,167.00; that applying a 25% contingency fee, the plaintiff's counsel would be entitled to a fee of $42,239.92.

The State argues, and we agree, that Judge Thornburg and his counsel did not have a *traditional* contingency fee arrangement. Attorney Robert B. Morgan avers in his affidavit in support of his motion for attorney fees that

> 6. As has been my practice, I did not keep accurate records of time since I have always charged based *on the worth of the case.*

> . . . .

7. It is submitted that a percentage of the value of the judgment obtained is generally the preferred approach.

(Emphasis added.) Attorney Morgan then requested that he recover from the State a "reasonable attorney[] fee for services rendered."

As set out above, one of the factors to be considered by the trial court in setting a "reasonable" fee is "the customary fee for like work." *Morris*, 86 N.C. App. at 387, 358 S.E.2d at 126. In this case, the trial court properly considered affidavits from three prominent members of the trial bar of this state in an effort to determine the customary and usual fees in this type of complex litigation. Eugene Boyce, Esquire, of Wake County, opined that a fee of $30,000.00 would be reasonable under the circumstances of this case, considering the facts of the case, the risks taken by counsel, results obtained, time and effort expended, and other relevant factors. Phillip O. Redwine, Esquire, also of Wake County, opined that a contingency fee of at least 25% of the present-day value of the recovery would be a reasonable fee in Wake County for this type of litigation, and that he was familiar with fees for similar litigation being as much as 33⅓%. Professor Robinson O. Everett stated in his affidavit that a contingency fee of one-third of the recovery would be reasonable, or in the alternative, a fee based on an hourly rate of $250.00.

The trial court then made the following findings of fact:

24. That this Court is aware that in Wake County contingency fee arrangements are a customary fee arrangement[] in many civil cases, including civil matters such as the one before this court.

25. That the risk of receiving no fee unless a successful result is achieved and that such achievements are always unpredictable, are a part of the basis of a contingency fee.

26. That the complexity of this action, the complex constitutional issues involved, the formidable opposition this Defendant presented, the difficulty of filing winnable actions against governmental agencies, and the obligation of the said attorney to represent the Plaintiff until the conclusion of the case, further supports the Court's opinion that a contingency fee of 25 to 33⅓ percent of the recovery is not unreasonable.

. . . .

29. That a 25% contingency fee applied to the amount of "back benefits due" of $98,592.67 and a 25% contingency fee being

applied to the present day value of the future payments, totals $42,239.92.

The trial court then concluded that a contingency fee arrangement is not unreasonable under the facts of this case, and an award of a contingency fee would be reasonable. The trial court then ordered a fee of $42,239.92.

Our review is limited to a determination of whether the trial court has abused its discretion. *Tay v. Flaherty*, 100 N.C. App. 51, 57, 394 S.E.2d 217, 220, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). We cannot say, under the facts of this case, that the approach taken by the trial court was a clear abuse of its discretion. Contrary to the argument advanced by the State, the trial court was not making the State a party to the fee arrangement between plaintiff and his counsel, but was merely considering that a contingency fee is a customary fee in this type of litigation.

There is, however, a mathematical error which requires that we remand the case to the trial court for entry of an amended order. The trial court intended, according to its own findings, to award a fee of 25% of the past-due benefits and the present value of future benefits. The parties do not contest the trial court's findings that the past due benefits are $98,592.67 and the present value of the future benefits is $51,167.00, for a total recovery of $149,759.67. One-fourth of that amount is $37,439.92, rather than $42,239.92 as found and awarded by the trial court.

We vacate finding of fact number 29 and remand to the trial court for entry of an amended order correcting the amount of the fee awarded in accordance with the opinion. In all other respects, the order of the trial court is affirmed.

Affirmed in part, vacated and remanded with directions in part.

Judges MARTIN and TIMMONS-GOODSON concur.