HOKE COUNTY BOARD OF EDUCATION, ET AL, PLAINTIFFS, AND ASHEVILLE CITY
BOARD OF EDUCATION, ET AL, PLAINTIFF-INTERVENORS v. STATE OF NORTH
CAROLINA; STATE BOARD OF EDUCATION, DEFENDANTS

No. COA08-1036

(Filed 21 July 2009)

**1. Appeal and Error— appealability—interlocutory order—denial of attorney fees—public interest—heard under Rule 2**

An appeal from the denial of attorney fees in a schools case was heard under Appellate Rule 2 even though it was interlocutory because this case is of great public interest and import involving poor school districts and a sound basic education.

**2. Costs— attorney fees—school performance—failure to act not an action by State**

The trial court did not err by determining that N.C.G.S. § 6-19.1 did not apply in this case, which involved school performance. Although the State may have failed to act, its failure cannot be extrapolated into "state action" or viewed as the equivalent of pressing a claim against plaintiffs as envisioned by the statute.

**3. Costs— attorney fees—common fund doctrine—school performance—general social grievance—people benefitting not easily identifiable**

The trial court did not err by holding that the common fund doctrine was not applicable and that plaintiffs should not be awarded attorney fees in a case involving school performance where the benefits to the state's school children vindicated a general social grievance rather than individual complaints, the class of people benefitting was far from small and easily identifiable, the benefits could not be traced with accuracy, the costs cannot be shared among beneficiaries with much precision, and plaintiffs sought to procure a percentage of the common fund far in excess of the fees actually billed to them.

**4. Costs— attorney fees—substantial benefit doctrine—not adopted in North Carolina**

The trial court did not err by concluding that the substantial benefit doctrine was not applicable to a motion for attorney fees in a school performance case. The substantial benefit doctrine has not been adopted in North Carolina.

**5. Costs— attorney fees—school performance—private attorney general doctrine—not applicable**

The trial court did not err by holding that the private attorney general doctrine was not applicable to the award of attorney fees in a school performance case where there was no legislative authority for the doctrine.

Judge STEVENS concurring.

Appeal by plaintiffs from an order entered 5 May 2008 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 26 March 2009.

*Parker Poe Adams & Bernstein, LLP, by Robert W. Spearman, Melanie Black Dubis and Scott E. Bayzle; and Armstrong Law, PLLC, by H. Lawrence Armstrong, Jr., for plaintiffs-appellants.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Thomas J. Ziko, for defendants-appellees.*

JACKSON, Judge.

Plaintiffs—students, parents, and school boards from Hoke, Halifax, Robeson, Cumberland, and Vance Counties—appeal the trial court's order denying them attorneys' fees. For the reasons stated below, we affirm.

This case originated in 1994 and became a hallmark of education law in this State.[1] The North Carolina Supreme Court, in its first *Leandro* opinion, concluded that the North Carolina Constitution "guarantee[s] every child of this state an opportunity to receive a sound basic education in our public schools." *Leandro v. State of North Carolina*, 346 N.C. 336, 347, 488 S.E.2d 249, 255 (1997) (*Leandro I*). The Court remanded the case to the trial court to determine whether the State had failed in its constitutional duty to provide such sound basic education. *Id.* at 357-58, 488 S.E.2d at 261.

In its second *Leandro* opinion, the Court affirmed the trial court's conclusion that the State had failed in its constitutional duty to provide students in Hoke County with the opportunity to obtain a sound basic education. *Hoke Cty. Bd. of Educ. v. State,* 358 N.C. 605, 647, 599 S.E.2d 365, 396 (2004) (*Leandro II*). It also affirmed the trial

---

1. Details of the underlying facts may be found in prior appellate opinions: *Leandro v. State of North Carolina*, 346 N.C. 336, 347, 488 S.E.2d 249, 255 (1997), and *Hoke Cty. Bd. of Educ. v. State*, 358 N.C. 605, 599 S.E.2d 365 (2004).

court's ruling that the State must act to correct these deficiencies. *Id.* Proceedings as to the other rural school districts were to continue "in a fashion that is consistent with the tenets outlined in [the] opinion." *Id.* at 648, 599 S.E.2d at 397.

In the years since *Leandro II*, the trial court has continued to monitor the progress of the State's efforts to comply with *Leandro I* and *Leandro II*. The State has established the Disadvantaged Student Supplemental Fund ("DSSF") to assist at-risk children, and has fully funded the Low Wealth Schools Fund ("LWF"). Additionally, the State has allocated funds to (1) expand the More-at-Four program which provides education to at-risk four-year-olds; (2) reduce class size; (3) increase resources to the Hoke County school system, including increased teacher salaries and creation of Learn to Earn High Schools; and (4) create new programs to adequately train school superintendents and administrators.

Through 30 April 2007, plaintiffs' counsel had devoted in excess of 17,000 hours in the fourteen years of this litigation. Hourly rates were below those charged to other clients. Most of the legal fees were paid from local tax revenues of the five plaintiff school districts, based upon their respective student populations. Over $175,000.00 was paid by the North Carolina Low Wealth Schools Consortium, a group comprised of counties eligible for LWF funding. Total attorneys' fees billed and paid, excluding costs, totaled nearly $2.5 million.

On 19 December 2005, plaintiffs filed a motion seeking attorneys' fees and costs. Plaintiffs submitted several theories upon which to award attorneys' fees: (1) North Carolina General Statutes, section 6-19.1, (2) the common fund doctrine, (3) the substantial benefit doctrine, and (4) the private attorney general doctrine. The State was not required to respond until 2007. Plaintiffs filed a supplemental memorandum and affidavit in support of their motion on 7 June 2007. The State filed its response on 11 September 2007. The trial court held a hearing on the matter on 28 February 2008.

In its Memorandum of Decision and Order dated 5 May 2008, the trial court commended plaintiffs' counsel for their excellent work in the matter, noting, "Plaintiffs' counsel have performed a significant public service in this case that has resulted in a great contribution to the citizens of North Carolina and to the jurisprudence of this State— of that there can be no dispute." However, the trial court found no legal basis upon which to award attorneys' fees. Therefore, it denied plaintiffs' motion as to attorneys' fees. It left open the issue as to

whether costs should be awarded. Because it was an ancillary matter that would not affect the on-going proceedings, the trial court certified pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure that there was no just reason to delay any appeal of the matter. Plaintiffs appeal.

[1] The 5 May 2008 order does not dispose of the entire case; as noted above, the on-going proceedings may continue, unaffected by this ruling. The order also leaves open the issue of costs—another portion of the original motion. Therefore, the order is interlocutory in nature. *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916))). Interlocutory orders ordinarily are not subject to this Court's immediate review. *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, Rule 54(b) of the North Carolina Rules of Civil Procedure permits an immediate appeal when "(1) the order represents a final judgment as to one or more claims in a multi-claim lawsuit or one or more parties in a multi-party lawsuit," and (2) the trial court certifies that "there is no just reason to delay the appeal." *Harris v. Matthews*, 361 N.C. 265, 269 n.1, 643 S.E.2d 566, 569 (2007) (citing N.C. Gen. Stat. § 1A-1, Rule 54(b)).

We generally accord great deference to a trial court's certification that there is no just reason to delay the appeal. *See DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998). However, such certification "cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (citations and internal quotation marks omitted).

The burden to show that an appeal is proper is borne by the appellants. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam). When an interlocutory order is the subject of the appeal, "the appellant[s] must include in [their] statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Id.* (quoting N.C. R. App. P. 28(b)(4)). The appellants must present more than a bare assertion that the order affects a substantial right; they must demon-

strate *why* the order affects a substantial right. *Id.* "Where the appellant fails to carry the burden of making such a showing to the [C]ourt, the appeal will be dismissed." *Id.* (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)).

Here, in their statement of grounds for appellate review, plaintiffs stated:

> The Order is a final judgment regarding Plaintiffs' claim for attorneys' fees. The trial court ruled, pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, that there was no just reason to delay any appeal from that Order as it is an ancillary matter and will not affect the on-going remedy proceedings continuing in the trial court to enforce the constitutional rights of North Carolina school children.

Although this statement addresses why there is no just reason to delay the appeal, it fails to address what substantial right will be lost absent immediate appeal.

The trial court's certification stated that "there is no just reason for delay should the parties wish to appeal this decision to the Appellate Division as this is an ancillary matter and will not affect the on-going proceedings in this case[.]" The fact that "this is an ancillary matter and will not affect the on-going proceedings in this case" appears to be the exact opposite of what is necessary to establish a substantial right. A substantial right is generally something that does—or at least could—affect the on-going proceedings; it is something that goes to the very heart of the matter. Examples of what has been determined to affect a substantial right include: (1) the State's capacity to be sued, *RPR & Assocs. v. State*, 139 N.C. App. 525, 527-28, 534 S.E.2d 247, 250 (2000) (denial of motion to dismiss based upon the defense of sovereign immunity), *aff'd*, 353 N.C. 362, 543 S.E.2d 480 (2001) (per curiam); (2) the possibility of inconsistent verdicts for different parties, *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (grant of summary judgment for some but not all defendants); and (3) a class representative's discontinuance in a potentially meritorious suit, *Perry v. Cullipher*, 69 N.C. App. 761, 762, 318 S.E.2d 354, 356 (1984) (denial of class certification).

> A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment. The right to immediate appeal is reserved for those cases in which the normal course of procedure is inadequate to

protect the substantial right affected by the order sought to be appealed. Our courts have generally taken a restrictive view of the substantial right exception. The burden is on the appealing party to establish that a substantial right will be affected.

*Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (internal quotation marks and citations omitted).

When asked at oral argument what substantial right was affected by the order, plaintiffs responded that the attorneys' fees are being borne by five poor school districts that cannot afford such expenses, and that it was unjust to delay the appeal. The State conceded that it would benefit the parties to know whether future fees will be borne by the State or plaintiffs. We do not doubt that it is difficult for these poor school districts to pay their attorneys' fees. However, all fees have been paid for the time period involved in the trial court's ruling. We have found no case standing for the proposition that an appeal of the denial of attorneys' fees for the benefit of a party who is ill-equipped to pay such fees affects a substantial right justifying immediate appeal.

Notwithstanding the foregoing, Rule 2 of the North Carolina Rules of Appellate Procedure allows this Court to suspend its rules "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C. R. App. P. 2 (2007). There can be no doubt that this case is of both great public interest and import. Therefore, we elect to invoke our power pursuant to Rule 2 to hear this appeal notwithstanding the fact that the order is interlocutory.

[2] In its order, the trial court determined that there was no common law doctrine or statute that permitted a fee award. "Conclusions of law drawn by the trial judge . . . are reviewable *de novo* on appeal." *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

Plaintiffs first argue that the trial court erred in ruling that North Carolina General Statutes, section 6-19.1 was inapplicable. We disagree.

Section 6-19.1 provides in relevant part:

In any civil action, . . . brought by the State or brought by a party who is contesting *State action* pursuant to G.S. 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing

party to recover reasonable attorney's fees, . . . to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification *in pressing its claim* against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

N.C. Gen. Stat. § 6-19.1 (2007) (emphasis added). "Our legislature, in enacting [section] 6-19.1 . . . obviously sought to curb unwarranted, ill-supported suits *initiated by* State agencies. In order to further the legislature's purpose of reining in wanton, unfounded litigation, the *State's action*, for purposes of [section] 6-19.1, is measured by the phrase 'substantial justification.' " *Crowell Constructors, Inc. v. State ex rel. Cobey*, 342 N.C. 838, 844, 467 S.E.2d 675, 679 (1996) (emphasis added).

Plaintiffs contend that the statute does not require that the State be the party initiating the claim. They argue that they can recover attorneys' fees based upon the fact that they are contesting State action. However, we are not persuaded. Plaintiffs are correct that the statute does not require a recovering party to be a defendant in a suit against the State; it clearly contemplates a situation in which a party plaintiff brings an action against the State challenging an adverse agency decision. At oral argument, plaintiffs repeatedly referenced *Leandro II* for the proposition that Justice Orr found constitutional insufficiencies based upon State action and inaction. Our careful review of *Leandro II* reveals that although Justice Orr referenced the trial court's determinations of State "action and/or inaction" leading to the under-performance of Hoke County students, *Leandro II* does not stand for the proposition that the State acted in pressing a claim against plaintiffs.

Plaintiffs cite two cases in support of their claim to attorneys' fees pursuant to section 6-19.1: *Thornburg v. Consolidated Jud'l Ret. Sys. of N.C.*, 137 N.C. App. 150, 527 S.E.2d 351 (2000), and *Wiebenson v. Bd. of Trustees, State Employees' Ret. Sys.*, 138 N.C. App. 489, 531 S.E.2d 500 (2000). In *Thornburg*, the plaintiff was contesting the State's unconstitutional reduction of his retirement benefits. *Thornburg*, 137 N.C. App. at 150-51, 527 S.E.2d at 352. The State took action against the plaintiff by reducing benefits already earned.

Similarly in *Wiebenson*, after allowing the plaintiff to "job share" for years, as she was preparing to retire, the State informed her that

her job-sharing arrangement did not allow her to participate in the retirement system, notwithstanding the fact that the State previously had represented to her that her retirement would not be affected, deducted contributions from her paychecks, and provided her with annual statements reflecting one-half to two-thirds retirement credit each year. *Wiebenson*, 138 N.C. App. at 490-91, 531 S.E.2d at 502. In *Wiebenson,* the plaintiff contested the State's affirmative adverse action against her retirement benefits, taken in contravention of its earlier written documentation.

Here, the State took no such affirmative actions against plaintiffs. *Leandro II* noted that the trial court determined that the State "(1) failed to identify the inordinate number of 'at-risk' students and provide a means for such students to avail themselves of the opportunity for a sound basic education; and (2) failed to oversee how educational funding and resources were being used and implemented in Hoke County schools." *Leandro II*, 358 N.C. at 637, 599 S.E.2d at 390. Although the State may have failed to act, its failure to act in this instance cannot be extrapolated into "state action" or viewed as the equivalent of "pressing a claim against" plaintiffs as envisioned by the statute. Therefore, the trial court did not err in determining that section 6-19.1 does not apply to this case.

**[3]** Plaintiffs next argue that the trial court erred in holding that the common fund doctrine was inapplicable. We disagree.

Ordinarily, attorneys' fees are taxable as costs only when authorized by statute. *Horner v. Chamber of Commerce*, 236 N.C. 96, 97, 72 S.E.2d 21, 22 (1952) (citations omitted). However, the "common fund doctrine" serves as an exception to the general rule that every litigant is responsible for his or her own attorney's fees. *Id.* at 97-98, 72 S.E.2d at 22. Pursuant to this doctrine, a court in its equitable jurisdiction may award attorneys' fees "to a litigant who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund or of common property, or who has created at his own expense or brought into court a fund which others may share with him." *Id.* (citation omitted).

The rule is founded upon the principle that "where one litigant has borne the burden and expense of the litigation that has inured to the benefit of others as well as to himself, those who have shared in its benefits should contribute to the expense." *Id.* at 98, 72 S.E.2d at 22 (citation omitted). It has been applied appropriately "in cases (1) where the classes of persons benefitting from the lawsuit were small

and easily identifiable, (2) where the benefits could be traced accurately, and (3) where the costs could be shifted to those benefitting with some precision." *Bailey v. State of North Carolina*, 348 N.C. 130, 161, 500 S.E.2d 54, 72 (1998) (citing *Alyeska Pipeline Serv. v. Wilderness Soc.*, 421 U.S. 240, 264 n. 39, 44 L. Ed. 2d 141, 157-58 (1975)). "If the benefit reaped by the representative plaintiffs merely 'vindicates a general social grievance,' or redounds to the benefit of the public at large, then the common-fund doctrine will not operate to shift the burden of attorney's fees." *Id.* (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479, 62 L. Ed. 2d 676, 682 (1980)). Although not strictly limited to class-action suits, the common fund doctrine is applicable

> when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf. Once the class representatives have established the defendant's liability and the total amount of damages, members of the class can obtain their share of the recovery simply by proving their individual claims against the judgment fund. . . . Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 479, 62 L. Ed. 2d 676, 682 (1980).

Here, plaintiffs contend that they are entitled to a percentage of the DSSF as attorneys' fees. However, the benefits the State's school children have reaped due to plaintiffs' pursuit of this case have vindicated a general social grievance, rather than their individual complaints. The class of persons benefitting is far from small and easily identifiable; the benefits cannot easily be traced with accuracy; and the costs cannot be shared among beneficiaries with much precision. Plaintiffs do not seek to collect their share of attorneys' fees from the common fund, each in proportion to its individual damage award; plaintiffs seek to procure a percentage share of the common fund, far in excess of the attorneys' fees actually billed to them. This is not a case to which the common fund doctrine is applicable. Therefore, the trial court did not err in reaching that conclusion.

[4] Plaintiffs also argue that the trial court erred in concluding that the substantial benefit doctrine was inapplicable. We disagree.

**HOKE CNTY. BD. OF EDUC. v. STATE**

[198 N.C. App. 274 (2009)]

Pursuant to this doctrine—which has not been adopted in North Carolina—"a prevailing party [i]s entitled to attorney's fees if that party ha[s] conferred a 'substantial benefit' upon the community at large." *Bd. of Water Com'rs, Laconia Water Works v. Mooney,* 660 A.2d 1121, 1126 (N.H. 1995) (citation omitted). Our Supreme Court has stated unequivocally that " 'all costs are given in a court of law in virtue of some statute[,] [and the] simple but definitive statement of the rule is: [C]osts in this State are entirely creatures of legislation, and without this they do not exist.' " *Stephenson v. Bartlett,* 177 N.C. App. 239, 244-45, 628 S.E.2d 442, 445, *disc. rev. denied,* 360 N.C. 544, 635 S.E.2d 58 (2006) (alterations in original) (quoting *City of Charlotte v. McNeely,* 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972)). Accordingly, the trial court did not err in concluding the substantial benefit doctrine was an inapplicable theory upon which to award attorneys' fees.

[5] Finally, plaintiffs argue that the trial court erred in holding that the private attorney general doctrine was inapplicable. We disagree.

Pursuant to this doctrine, "which serves as an incentive for the initiation of public interest litigation by a private party, a court may award attorney fees to a party vindicating a right that (1) benefits a large number of people, (2) requires private enforcement, and (3) is of societal importance." *Id.* at 244, 628 S.E.2d at 445 (citation omitted). As discussed in *Stephenson,* a majority of our sister states have rejected this theory for awarding attorneys' fees. *Id.* As noted *supra,* in our discussion of the substantial benefit doctrine, as there is no legislative authority for the private attorney general doctrine, plaintiffs' argument must fail.

Because none of the theories upon which plaintiffs rely support an award of attorneys' fees, the trial court's order was without error. Accordingly, we affirm.

Affirmed.

Judge STROUD concurs.

Judge STEPHENS concurs in a separate opinion.

STEPHENS, Judge, concurring.

I concur completely with the majority's opinion that the trial court correctly denied Plaintiffs' motion for attorneys' fees. However,

because I believe that our review of this appeal is mandatory, and, thus, that we need not have invoked our power pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure to hear this appeal, I write separately to concur in the result only.

The order of the superior court denying Plaintiffs' motion for attorneys' fees did not dispose of all the claims in the case, making it interlocutory. *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.") Ordinarily, an interlocutory order is not immediately appealable. *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). However, an interlocutory order is immediately appealable in at least two instances: first, pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27(d), an immediate appeal may be taken from an interlocutory order which affects a substantial right. *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998). Second, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), in an action involving multiple parties or multiple claims, if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay in reviewing such judgment, that judgment is immediately appealable. *Id.*

The trial court's denomination of its decree as a "final judgment"[2] does not make it so if it is not such a judgment and, thus, this Court must initially determine if the Rule 54(b) certification is proper. *Tridyn Indus., Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 446 (1979). However, where the trial court's judgment is final, "[t]he rule provides, 'Such judgment shall then be subject to review by appeal . . . .' " *DKH Corp.*, 348 N.C. at 585, 500 S.E.2d at 668 (quoting N.C. Gen. Stat. § 1A-1, Rule 54(b)). Accordingly, the North Carolina Supreme Court held in *DKH Corp.* that "this language *requires* the appellate court to hear the appeal." *Id.* (emphasis added); *see also Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) ("When the trial court certifies its order for immediate appeal under Rule 54(b), appellate review is mandatory.").

In *Martin Marietta Techs. v. Brunswick Cty.*, 126 N.C. App. 806, 487 S.E.2d 145, *cert. granted*, 347 N.C. 400, 494 S.E.2d 413 (1997), *rev'd and remanded*, 348 N.C. 688, 500 S.E.2d 665 (1998), the trial

---

2. "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be determined between them[.]" *Cagle v. Teachy*, 111 N.C. App. 244, 246-47, 431 S.E.2d 801, 803 (1993).

court granted summary judgment in favor of plaintiff on four of plaintiff's eight claims and certified the order for immediate review pursuant to Rule 54(b). On appeal, this Court acknowledged the Rule 54(b) certification, but stated,

> Nevertheless, it is the duty of this Court to determine whether an appeal is interlocutory. *See Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984) ("[R]uling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.")[.] Thus, a certification by a trial court is still reviewable by this Court on appeal.

*Id.* at 809, 487 S.E.2d 146. In a unanimous opinion, this Court dismissed defendant's appeal, explaining, "After reviewing the record, we fail to see how any substantial right of the [defendant] has been affected by the trial court's grant of summary judgment." *Id.* at 809, 487 S.E.2d 147.

The North Carolina Supreme Court granted plaintiff's petition for discretionary review as to the following issue: "Does the Rule 54(b) certification contained in the trial court's June 11, 1996 order together with a final determination on [plaintiff's] First through Fourth Causes of Action confer appellate jurisdiction pursuant to Rule 54(b)?" *Id.*, 347 N.C. at 400, 494 S.E.2d at 413. In accordance with the Supreme Court's decision in *DKH Corp.*, the Supreme Court reversed this Court's decision, and remanded the case to this Court to hear the appeal and decide the case on its merits. *Id.*, 348 N.C. at 688, 500 S.E.2d at 665.

In the present case, the trial court's order denying Plaintiffs' motion for attorneys' fees decided the issue of attorneys' fees as to all the parties, leaving nothing more to be determined between them on that issue. Thus, the trial court's order was a "final judgment" as to the attorneys' fees issue. Furthermore, pursuant to Rule 54(b), the trial court certified that "there is no just reason for delay" of an appeal of that issue. Accordingly, as mandated by the North Carolina Supreme Court's decisions in *DKH Corp.* and *Martin Marietta Techs.*, I believe we are *required* to hear Plaintiff's appeal and it is unnecessary for Plaintiffs to demonstrate that this interlocutory appeal affects a substantial right.

For these reasons, I would not inquire into whether the trial court's order affected a substantial right, nor would I invoke Rule 2 to hear this appeal.