An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-179

Filed 17 September 2025

Durham County, No. 21 CVS 001592-310

REBECCA R. DAVIS and MATTHEW M. DAVIS, Plaintiffs

v.

HAYES HOFLER, P.A., and R. HAYES HOFLER, III, Defendants.

Appeal by plaintiffs from an order denying their motion to dismiss entered 30 December 2024 by Judge Michael O'Fogludha in Durham County Superior Court. Heard in the Court of Appeals 14 August 2025.

*Law Office of Hayes Hofler, P.A., by R. Hayes Hofler, III, for the plaintiff-appellants.*

*Thomas R. Sparks, for defendant-appellees.*

PER CURIAM.

On 2 January 2024, our Court issued an opinion in this matter in which we reversed an order dismissing Plaintiffs' complaint based on Rule 12(b)(6) of our Rules of Civil Procedure and remanded the matter for further proceedings. *Davis v. Hofler*, 2024 N.C. App. LEXIS 11 (2024). We reasoned the complaint did not contain

sufficient allegations to demonstrate that Plaintiffs' claims were time-barred. *Id.*

On remand, Defendants again moved to dismiss Plaintiffs' complaint. The trial court entered an order denying Defendants' motions. Defendant appeals.

This appeal is interlocutory in nature. "Generally, there is no right of immediate appeal from interlocutory orders[.]" *Goldston v. Am. Motors*, 326 N.C. 723, 725 (1990). Defendants, though, contend they have the right to an immediate appeal, contending the order being appealed affects a substantial right which would be lost if an appeal was not heard at this time. Our Rules of Appellate Procedure provide that a party appealing an interlocutory order must provide a statement containing "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 54(b). That is, the appellant must set forth more than a bare assertion of such deprivation. *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78 (2009).

Here, in their principle brief, Plaintiffs merely assert as the grounds of our appellate jurisdiction the following statement:

> Because the trial court's order entered 30 December 2024 denied Defendants' motion to dismiss action for non-compliance with [the Court of Appeals'] opinion filed on 2 January 2024, Defendants were deprived a substantial right to have the trial court proceed in a manner consistent with this Court's ruling, after remand to the trial court for further proceedings, pursuant to N.C. Gen. Stat. § 7A-27(b).

We conclude that Defendants have failed to satisfy their burden to show the

basis of our jurisdiction to hear their appeal of this interlocutory order at this time. Accordingly, we dismiss the appeal.

DISMISSED.

Panel consisting of Chief Judge DILLON and Judges ARROWOOD and GRIFFIN.

Report per Rule 30(e).