An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-423

Filed 1 October 2025

Columbus County, No. 24CVS001122-230

RAYMOND A. JETT, JR., Plaintiff,

v.

EDWARD L. MCGILL, Defendant.

Appeal by Plaintiff from orders entered 17 March 2025 by Judge Jessica Locklear in Columbus County Superior Court. Heard in the Court of Appeals 8 September 2025.

> *Raymond A. Jett, Jr., pro se plaintiff-appellant.*
>
> *No brief filed for Edward L. McGill, pro se defendant-appellee.*

PER CURIAM.

Raymond A. Jett, Jr. ("Plaintiff"), appeals after the trial court entered orders addressing his motions to compel and requests for sanctions. Upon careful consideration, we dismiss Plaintiff's appeal for lack of jurisdiction.

## I. Background

Appearing pro se, Plaintiff filed his complaint against Edward L. McGill ("Defendant"), also appearing pro se, on 18 November 2024. Plaintiff's complaint

alleged wrongful acts by Defendant interfering with his marriage. Thereafter, Plaintiff served Defendant with a request for admissions. Plaintiff also served Defendant with a subpoena for his cellular telephone calls and text messages. Additionally, Plaintiff served a wireless telephone company with a subpoena for Defendant's telephone calls and text messages to Plaintiff's wife. The wireless telephone company produced the records to the Columbus County Clerk of Superior Court. Although Defendant answered Plaintiff's complaint, the record does not show that Defendant responded to the discovery requests.

In January 2025, Plaintiff moved the trial court to compel Defendant to respond to the outstanding discovery requests and sought sanctions against Defendant.[1] Plaintiff also moved the trial court to "compel the Clerk of [ ] Court to release [ ] discovery" requested from the wireless telephone company.[2] On 10 March 2025, the trial court held a hearing on Plaintiff's motions. The trial court entered oral rulings at the hearing as follows: (1) the rulings on Plaintiff's request for admissions will be determined by a judge at a pre-trial conference; (2) denial of Plaintiff's motion to compel the production of Defendant's telephone calls and text messages; and (3) grant of Plaintiff's motion insofar as to release "data sent, data

---

[1] Plaintiff filed two motions to compel and requests for sanctions against Defendant – one concerning Defendant's noncompliance with the request for admissions, and one for the subpoena served on Defendant.

[2] Plaintiff also filed one "motion to compel release of discovery material" concerning the subpoena served on the wireless telephone company.

received, the author, and the recipients." Defendant entered a written notice of appeal on 10 March 2025. On 17 March 2025, the trial court entered written orders reflecting its oral rulings rendered in the hearing.

## II. Jurisdiction

"A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to final decree." *DOT v. Rowe*, 351 N.C. 172, 174, 521 S.E.2d 707, 708 (1999) (cleaned up). "Generally, there is no right of immediate appeal from interlocutory orders[.]" *Goldston v. Am. Motors*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Our Rules of Appellate Procedure address the content of an appellant's brief and provide that a party appealing an interlocutory order must provide a statement containing "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). That is, the appellant must set forth "more than a bare assertion that the order affects a substantial right[.]" *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277–78, 679 S.E.2d 512, 516 (2009). The appellant "must demonstrate *why* the order affects a substantial right." *Id.* "Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (2005). Moreover, our Rules of Appellate Procedure require that the notice of appeal in a civil action "shall designate the judgment or order from which appeal is taken[.]" N.C. R. App. P. 3(d). The Rules of Appellate Procedure also mandate proof of service of "[i]tems presented for filing[.]"

N.C. R. App. P. 26(d).

With respect to Plaintiff's notice of appeal, he neither included a certificate of service nor designated the orders from which the appeal was taken. Further, Plaintiff's appeal is interlocutory in nature. *See Rowe*, 351 N.C. at 174, 521 S.E.2d at 708. Plaintiff did not demonstrate why any of the trial court's orders affect a substantial right. *See Hoke Cty. Bd. of Educ.*, 198 N.C. App. at 277–78, 679 S.E.2d at 516. Thus, Plaintiff has failed to satisfy his burden. Accordingly, we dismiss his appeal.

### III.  Conclusion

For the foregoing reasons, we dismiss Plaintiff's appeal.

DISMISSED.

Panel consisting of Judges GORE, FLOOD, and STADING.

Report per Rule 30(e).